El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
El recurso de epígrafe nos brinda la oportunidad de pre-cisar la existencia del mecanismo de reconsideración de asuntos interlocutorios en el ámbito procesal criminal. Asi-mismo, debemos determinar si una moción oportuna de re-consideración sobre un dictamen interlocutorio durante un proceso penal interrumpe el término para acudir mediante certiorari ante el Tribunal de Apelaciones. Por entender que una solicitud de reconsideración sobre una resolución u orden interlocutoria interrumpe el término para acudir ante el foro apelativo intermedio, revocamos el dictamen del Tribunal de Apelaciones que decidió lo contrario.
*682 I
En agosto del 2007, el Ministerio Público le presentó al Sr. Ronny A. Román Feliciano una acusación por presun-tamente haber infringido el Art. 404 de la Ley de Sustan-cias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404. En esta, esencialmente, se le imputó al señor Román Feliciano haber poseído ilegalmente la sustancia controlada conocida como marihuana. Posteriormente, luego de presentada la acusación, el señor Román Feliciano instó una moción de supresión de evidencia al amparo de la Regla 234 de Pro-cedimiento Criminal, 34 L.P.R.A. Ap. II. En síntesis, alegó que la supuesta sustancia controlada ocupada por el Minis-terio Público en su caso había sido incautada ilegalmente.
El 3 de febrero de 2009, el Tribunal de Primera Instan-cia emitió una resolución mediante la cual ordenó transfe-rir el asunto a otra sala del tribunal para la celebración de la correspondiente vista de supresión de evidencia. No obs-tante, el 1 de abril de 2009, el foro primario declaró “no ha lugar” la solicitud de supresión de evidencia sin haber ce-lebrado vista para ello. Esto, pues, según el foro de instan-cia, de la moción presentada por el señor Román Feliciano no surgían hechos o razones específicas que fundamenta-ran la ilegalidad de la incautación. A tales efectos, el 17 de abril de 2009, el señor Román Feliciano presentó una opor-tuna moción de reconsideración, la cual fue denegada por el foro de instancia el 27 de abril del mismo año.
Como consecuencia de ello, el 26 de mayo de 2009, el señor Román Feliciano acudió ante el Tribunal de Apela-ciones mediante un recurso de certiorari. En este, esencial-mente, alegó que erró el Tribunal de Primera Instancia al declarar “no ha lugar” una solicitud de supresión de evi-dencia sin la celebración de la correspondiente vista, cuando esta ya había sido ordenada por otro Juez del foro primario. El foro apelativo intermedio, sin embargo, deses-timó el recurso por entender que carecía de jurisdicción *683 para atenderlo. Según el Tribunal de Apelaciones, la mo-ción de reconsideración presentada por el señor Román Fe-liciano ante el foro primario no interrumpió el término para acudir ante el foro apelativo intermedio mediante re-curso de certiorari.
Inconforme con esa determinación, el señor Román Fe-liciano acude ante nos y alega, en esencia, que erró el Tribunal de Apelaciones al desestimar su recurso apelativo por falta de jurisdicción, pues, según señala, la moción de reconsideración presentada ante el Tribunal de Primera Instancia tuvo el efecto de interrumpir el término para acudir ante el foro apelativo intermedio mediante certiorari.
Examinado el recurso, acordamos expedir. Con el bene-ficio de la comparecencia de ambas partes, procedemos a resolver.
II
Este caso presenta dos controversias principales. Por un lado, debemos aclarar la existencia del mecanismo de re-consideración de órdenes o resoluciones interlocutorias du-rante un proceso penal. Por otro lado, debemos determinar si la presentación oportuna de una solicitud de reconside-ración sobre una orden o resolución interlocutoria inte-rrumpe el término para acudir mediante certiorari ante el Tribunal de Apelaciones.
De hecho, es pertinente mencionar que nos encontramos ante una situación en la cual hay una diferencia de crite-rios entre dos decisiones de paneles distintos en el Tribunal de Apelaciones. Por un lado, en el caso de epígrafe el foro apelativo intermedio decidió que la solicitud de recon-sideración de una resolución interlocutoria no interrumpió el término para acudir mediante certiorari ante ese foro. En otra ocasión, sin embargo, en Pueblo v. Daniel E. Montes Carro, KLCE0601048, otro Panel del Tribunal de Ape- *684 laciones decidió lo contrario. En otras palabras, que la mo-ción de reconsideración presentada en ese caso sí interrumpió el término para acudir en alzada ante el foro apelativo intermedio. Ante tal panorama y divergencia en-tre paneles del Tribunal de Apelaciones, nos vemos obliga-dos a atender el asunto.
A. Como es sabido, los jueces están facultados para corregir sus dictámenes y providencias en aras de ajustarlos a la ley y a la justicia. 4 L.P.R.A. sec. 24o(h). Por tal razón, no debe haber la menor duda sobre el hecho de que los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de una parte o motu proprio, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso. Pueblo v. Vera Monroig II, 172 D.P.R. 797 (2007), opinión disidente del Juez Asociado Señor Rebollo López; Pueblo v. Rodríguez Meléndez, 150 D.P.R. 519 (2000); Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996).
Así, nuestros cuerpos normativos procesales regulan lo relativo a las solicitudes de reconsideración tanto en el ám-bito civil como en el penal. A tales efectos, en los procedi-mientos civiles, la Regla 47 de Procedimiento Civil esta-blece las características elementales de la moción de reconsideración tanto para sentencias como resoluciones emitidas por el tribunal. 32 L.P.R.A. Ap. V.
Por otro lado, nuestro cuerpo procesal criminal no regula de forma directa la presentación de una moción o petición de reconsideración durante un proceso penal. No obstante, en la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que establece el procedimiento mediante el cual se puede formalizar un recurso apelativo en el ámbito penal, se mencionan los efectos de una moción de reconsideración sobre una sentencia. Véase, además, Pueblo v. Santana Rodríguez, 148 D.P.R. 400, 404-405 (1999). Sobre el efecto procesal de una petición de reconsideración, esa regla establece que:
*685 Si cualquier parte solicitare la reconsideración de la senten-cia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la mo-ción de reconsideración. 34 L.P.R.A. Ap. II, R. 194.
Como se deduce del texto citado, una oportuna moción de reconsideración de una sentencia emitida por el tribunal interrumpe el término para acudir mediante apelación o certiorari ante el Tribunal de Apelaciones. Esta regla, sin embargo, regula el efecto procesal que tendrá solo la opor-tuna presentación de una solicitud de reconsideración de una sentencia en el proceso penal. Sobre los posibles efec-tos, y la existencia misma del mecanismo de reconsidera-ción sobre resoluciones u órdenes interlocutorias en los procesos penales, las Reglas de Procedimiento Criminal no preceptúan nada.
Anteriormente, sin embargo, la Ley de la Judicatura de 1994, en su Art. 4.002(f) (4 L.P.R.A. sec. 22k), regulaba lo relativo a las peticiones de reconsideración sobre resolucio-nes interlocutorias en los casos penales. A tales efectos, el artículo establecía que:
En casos criminales, la presentación de una moción de re-consideración no interrumpirá el término para solicitar un cer-tiorari bajo este inciso, a menos que el Tribunal de Primera Instancia acoja la moción dentro del término de treinta días dispuesto en este inciso para solicitar un certiorari. Id. (ed. 2008).
Por lo tanto, quedaba claro en nuestro ordenamiento procesal que, de ordinario, una solicitud de reconsideración sobre una resolución interlocutoria en un proceso penal no interrumpía el término para acudir ante el Tribunal de Apelaciones mediante un recurso de certiorari. Ese tér-mino solo se interrumpía si el foro primario acogía esta moción. Asimismo, también existían lagunas sobre el plazo para presentar una moción de reconsideración en estos ca- *686 sos, pues tanto la Ley de la Judicatura de 1994 como las Reglas de Procedimiento Criminal vigentes no se expresa-ron al respecto. Tal como nos lo expresa el profesor y ex-juez Hiram A. Sánchez Martínez:
Subsiste, sin embargo, la incógnita de cuál será el plazo para presentar la moción de reconsideración respecto a una orden o resolución interlocutoria. Como el asunto no está re-suelto, el modo más seguro de actuar es utilizar, por analogía, el plazo de 15 días que contienen todas las demás reglas pro-cesales vigentes sobre mociones de reconsideración .... H.A. Sánchez Martínez, Derecho Procesal Apelativo, San Juan, Ed. Lexis-Nexis, [s. año], pág. 97.
No obstante, el Art. 4.002(f) de la Ley de la Judicatura de 1994, supra, quedó derogado al aprobarse la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura de 2003), Ley Núm. 201, supra. Al advenir en vigencia este nuevo cuerpo normativo, vemos que nada se dispuso específicamente sobre la existencia de la moción o petición de reconsideración sobre órdenes o re-soluciones interlocutorias en procesos penales.
De una lectura cuidadosa del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, así como de la Ley de la Judicatura de 2003 y de las Reglas de Procedimiento Criminal se deduce que existe un vacío normativo al respecto. A pesar de ello, no podemos obviar la máxima de derecho que le reconoce a los tribunales el poder para re-visar sus dictámenes y así ajustarlos al derecho vigente y al principio rector de justicia. Sánchez Martínez, op. cit., pág. 92. Para esto, la moción de reconsideración en los pro-cesos judiciales funge como un mecanismo procesal me-diante el cual una parte afectada, ya sea por una resolu-ción, orden interlocutoria, sentencia final o dictamen posterior, le solicita al tribunal adjudicador que modifique o deje sin efecto el dictamen en controversia. íd., Dumont v. Inmobiliaria Estado, Inc., 113 D.P.R. 406 (1982). Véanse, *687 además: Dávila v. Collazo, 50 D.P.R. 497 (1936); Lagares v. E.L.A., 144 D.P.R. 601 (1997).
Como es sabido, es un principio de derecho seguido co-múnmente por este Foro el cual, en circunstancias deter-minadas, se entiende por permitido lo que no está prohibido. Pueblo v. Valdés Sánchez, supra; Campos del Toro v. Ame. Transit Corp., 113 D.P.R. 337 (1982). En el ámbito penal, esta máxima está predicada, claro está, en circunstancias en las que no se afecten los derechos de un imputado o acusado.
Asimismo, en Pueblo v. Cortés Rivera, 142 D.P.R. 305 (1997), expresamos el poder inherente de este Tribunal para suplir procedimientos cuando estos no existen o cuando hayan sido preceptuados inadecuadamente por al-gún estatuto y ante alguna laguna procesal creada al en-trar en vigor la Ley de la Judicatura de 1994. Ello, con la finalidad de uniformar los plazos apelativos al amparo del antiguo estatuto regulador de la Judicatura.
Así, también, la Ley de la Judicatura de 2003 fija como objetivo el funcionamiento de un sistema judicial unificado en lo concerniente a la jurisdicción, el funcionamiento y la administración. 4 L.P.R.A. sec. 24b. Además, ese estatuto exige que las normas procesales, tanto civiles, de derecho probatorio, penales y las correspondientes a la administración de los tribunales, tomen en cuenta y adelanten los principios y objetivos del cuerpo normativo. 4 L.P.R.A. sec. 24c. Y no es para menos, pues mediante un sistema unificado de reglas los principios de economía procesal, rapidez y justicia se pueden alcanzar de forma más eficiente.
Por su parte, como se mencionó, las Reglas de Procedi-miento Civil regulan explícitamente lo concerniente a la moción o solicitud de reconsideración en la Regla 47, supra. Entre otras cosas, la regla establece que “[1]a parte adversa afectada por urna orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplí- *688 miento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución”. Id. Por lo tanto, en los procesos civiles está muy claro que una parte afectada por una resolución u orden interlocutoria puede solicitarle al tribunal adjudicador la revisión de alguna de estas en el plazo de quince días a partir de la notificación de estas.
La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, además, establece y detalla lo relativo a la moción de reconsideración en los procedimientos administrativos. 3 L.P.R.A. sec. 2165. En lo concerniente, esta sección expresa que “[l]a parte adversa-mente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la reso-lución u orden”. Id. Así, se establece estatutariamente el mecanismo de reconsideración de resoluciones u órdenes interlocutorias emitidas durante un proceso adminis-trativo.
Por otro lado, el “Proyecto de Reglas de Procedimiento Penal de diciembre de 2008”, el cual está siendo conside-rado actualmente por el Pleno de esta Curia, arroja luz sobre la existencia y los efectos de la moción o solicitud de reconsideración tanto para sentencias finales como para resoluciones u órdenes interlocutorias o postsentencia. A tales efectos, la propuesta Regla 805 del Proyecto de Re-glas de Procedimiento Penal preceptúa, entre otras cosas, que:
La presentación de una moción de reconsideración dentro del plazo improrrogable de quince días de emitida cualquier sentencia interrumpirá los plazos dispuestos en la Regla 803 para la presentación de los recursos de apelación o certiorari. Una moción de reconsideración de un dictamen interlocutorio o postsentencia deberá presentarse dentro del término de cum-plimiento estricto de quince días. Los plazos comenzarán a *689 transcurrir nuevamente a partir de la fecha en que se notifi-que la resolución del tribunal que haya adjudicado definitiva-mente la moción de reconsideración. (Énfasis suplido.) Regla 805, Proyecto de Reglas de Procedimiento Penal, Secretariado de la Conferencia Judicial y Notarial, enero de 2008, pág. 115.
Como se deprende de la regla propuesta, el Comité Ase-sor Permanente de Reglas de Procedimiento Criminal, asignado para renovar y actualizar nuestro cuerpo de nor-mas de procedimiento criminal, entendió necesario recono-cer y explicitar la existencia del mecanismo de moción de reconsideración sobre no solo sentencias finales, sino tam-bién respecto a órdenes y resoluciones interlocutorias, así como dictámenes postsentecia. Mediante esta disposición, no solo se logra el objetivo mencionado de una unificación en el funcionamiento del sistema judicial mediante reglas cada vez más congruentes entre sí, sino que reglamenta-riamente es viable el poder inherente de los tribunales de revisar sus dictámenes y providencias.
El decidir lo contrario, tendría la consecuencia de pri-varle al foro judicial de corregir sus órdenes o resoluciones interlocutorias cuando una parte afectada negativamente se lo solicite durante un proceso penal. Asimismo, ante la falta de prohibición de este mecanismo procesal utilizado comúnmente en nuestros tribunales, es forzoso concluir que esta práctica forma parte de nuestro sistema de justi-cia y de las estrategias de litigio que diariamente realizan las partes durante los procesos penales.
De igual forma, ante la falta de regulación de este me-canismo procesal, entendemos que lo propio, al evaluar las disposiciones reglamentarias análogas en las Reglas de Procedimiento Civil de 2009 y en el Proyecto de Reglas de Procedimiento Penal de diciembre de 2008, es que se fije un término de estricto cumplimiento de quince días me-diante el cual una parte afectada podrá solicitarle al Tribunal de Primera Instancia la reconsideración de alguna orden o resolución interlocutoria en un proceso penal. Ello es cónsono con el principio de uniformidad entre reglas *690 procesales para adelantar los objetivos plasmados en la Ley de la Judicatura de 2003 y de una administración de la justicia eficaz y eficiente.
Aclarada la existencia de la moción o solicitud de recon-sideración respecto a una orden o resolución interlocutoria en el proceso penal, pasemos a analizar su efecto procesal sobre el término para acudir ante el Tribunal de Apelacio-nes mediante un recurso de certiorari.
B. La Ley de la Judicatura de 2003 establece en su Art. 4.006(b) (4 L.P.R.A. sec. 24y(b)) la competencia del Tribunal de Apelaciones sobre los asuntos que está facultado para atender. Entre otros, “[e]l Tribunal de Apelaciones conocerá de los siguientes asuntos: ... (b) mediante auto de certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia”. (Enfasis en el original.) Id. De igual manera, el Reglamento del Tribunal de Apelaciones establece que:
(D) El recurso de certiorari para revisar cualquier otra reso-lución u orden o sentencia final al revisar un laudo de arbi-traje del Tribunal de Primera Instancia se formalizará me-diante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Este término es de estricto cumplimiento. 4 L.P.R.A. Ap. XXII-B, R. 32(D).
Por ende, la parte afectada por alguna orden o resolu-ción interlocutoria en un proceso penal, al amparo de las disposiciones citadas, puede presentar un recurso de cer-tiorari mediante el cual apele el dictamen interlocutorio del foro primario en los treinta días siguientes a la fecha en que el dictamen fue notificado. Este término, tal como se deduce de lo anterior, es de cumplimiento estricto. No obstante, subsiste la interrogante sobre el efecto procesal de una presentación oportuna de una moción o solicitud de reconsideración de alguna orden o resolución interlocuto-ria sobre el término de treinta días para presentar un re-curso de certiorari ante el Tribunal de Apelaciones.
*691 Como se expresó, de una lectura del Art. 194 de Proce-dimiento Criminal, supra, así como de la Ley de la Judica-tura de 2003 y del Reglamento del Tribunal de Apelaciones surge que, al igual que con la existencia del mecanismo de reconsideración sobre asuntos interlocutorios en el ámbito penal, también existe un vacío normativo en cuanto al efecto de este mecanismo procesal sobre el plazo para acu-dir ante el foro apelativo intermedio. La Regla 194 de Pro-cedimiento Criminal, supra, sin embargo, es muy clara so-bre el efecto de una presentación de solicitud de reconsideración de sentencia en el término improrrogable de quince días respecto al término para presentar un re-curso de certiorari o apelación ante el Tribunal de Apelaciones. Por tal razón, esta regla expresa que:
Si cualquier parte solicitare la reconsideración de la senten-cia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la mo-ción de reconsideración. íd.
Por ende, no hay duda de que si se solicita la reconside-ración sobre una sentencia emitida por el Tribunal de Pri-mera Instancia, ello interrumpe el término para acudir ante el Tribunal de Apelaciones mediante un recurso de apelación o de certiorari. Ese término comenzará a trans-currir nuevamente a partir del archivo en autos de la no-tificación de la resolución del tribunal mediante la cual adjudicó la moción de reconsideración. Claro está, la Regla 194 de Procedimiento Criminal, supra, es muy precisa al limitar este efecto a solicitudes de reconsideración de una sentencia emitida por el foro primario, no así sobre órdenes o resoluciones interlocutorias.
Por otro lado, como mencionamos, el derogado Art. 4.002(f) de la Ley de la Judicatura de 1994, supra, estable-cía que una solicitud de reconsideración sobre una resolu-ción interlocutoria en un proceso penal no interrumpía el *692 término para acudir mediante certiorari ante el Tribunal de Apelaciones, a menos que el Tribunal de Primera Ins-tancia la acogiese en el término de treinta días dispuesto en este artículo derogado. No obstante, al aprobarse la Ley de la Judicatura de 2003 el legislador derogó la disposición contenida en el anterior Art. 4.002(f) de la Ley de la Judi-catura de 1994, supra. Al así proceder, rechazó el que las mociones de reconsideración de resoluciones u órdenes in-terlocutorias en los procesos penales no interrumpan con su mera presentación el término para acudir ante el foro apelativo intermedio mediante recurso de certiorari.
Asimismo, con el propósito de eliminar la ambigüedad creada sobre qué significaba considerar una moción de re-consideración en el ámbito civil y, por ello, concluir que sí se interrumpieron los términos para acudir ante el Tribunal de Apelaciones en alzada, el legislador entendió que lo más adecuado era pautar que la oportuna y correcta pre-sentación de una moción de reconsideración ante el Tribunal de Primera Instancia, tanto para resoluciones y órde-nes interlocutorias como para sentencias, interrumpe el término para acudir mediante certiorari ante el Tribunal de Apelaciones. 32 L.P.R.A. Ap. V, R. 47.
De igual forma, los miembros del Comité Asesor Permanente de Reglas de Procedimiento Criminal entendieron que, en aras de uniformar los cuerpos procesales en el ámbito civil y penal, la oportuna presentación de una moción de reconsideración de alguna resolución u orden interlocutoria, interrumpe de por sí, como mencionamos que sucede durante un proceso civil, el término para acudir mediante certiorari ante el foro apelativo intermedio. Específicamente, la Regla 805 propuesta establece que, entre otras cosas:
... Una moción de reconsideración de un dictamen interlocuto-rio o postsentencia deberá presentarse dentro del término de cumplimiento estricto de quince días. Los plazos comenzarán a transcurrir nuevamente a partir de la fecha en que se noti- *693 fique la resolución del tribunal que haya adjudicado definiti-vamente la moción de reconsideración. Regla 805 del Proyecto de Reglas de Procedimiento Penal, supra.
Ante el vacío normativo que existe en cuanto al efecto procesal de la presentación de una solicitud de reconsideración sobre el término para acudir en alzada ante el Tribunal de Apelaciones, lo más prudente es, persuadiéndonos la recomendación del Comité Asesor Permanente de Reglas de Procedimiento Criminal, determinar que una oportuna moción de reconsideración de una resolución u orden interlocutoria durante un proceso penal interrumpe el referido término de treinta días para acudir mediante certiorari ante el Tribunal de Apelaciones. Así, el término comenzará cuando se notifique la resolución que resuelva la solicitud de reconsideración.
Como se sabe, uno de los propósitos de la Ley de la Ju-dicatura de 2003 es la uniformidad en el funcionamiento de la Rama Judicial. En nuestra prerrogativa de adoptar reglas que propicien el cumplimiento con los objetivos ele-mentales de la Ley de la Judicatura de 2003, y al amparo de los principios rectores de economía procesal, justicia y rapidez en los trámites judiciales, entendemos que es pre-ciso dejar claro que una oportuna moción de reconsidera-ción de una resolución u orden interlocutoria en un proceso penal interrumpe el término para acudir ante el Tribunal de Apelaciones mediante un recurso de certiorari. Esa so-licitud de reconsideración, como hemos dicho, debe presen-tarse durante el término improrrogable de quince días a partir de notificada la orden o resolución interlocutoria que se pretende reconsiderar.
Decidir lo contrario sería darle la espalda a la realidad procesal del litigio penal en nuestros tribunales. El acoger otros términos, por su parte, sería obviar uno de los propó-sitos rectores de la revisión de las Reglas de Procesal Civil, Procesal Criminal y de Evidencia: uniformar el funciona- *694 miento de los tribunales mediante reglas correlacionadas entre sí.
A la luz de la normativa expuesta, pasemos a disponer concretamente del caso ante nuestra consideración.
III
En este caso, el 1 de abril de 2009, el Tribunal de Pri-mera Instancia declaró “no ha lugar” una oportuna solici-tud de supresión de evidencia presentada por el señor Ro-mán Feliciano al amparo de la Regla 234 de Procedimiento Criminal, supra. Insatisfecho con tal determinación, el 17 de abril de ese mismo año, el señor Román Feliciano pre-sentó ante el foro primario una solicitud de reconsidera-ción respecto a la resolución que declaró “no ha lugar” la referida moción de supresión de evidencia en su caso. Exa-minada esta, el 27 de abril de 2009, el foro de instancia la declaró “no ha lugar”. Aún inconforme, el 26 de mayo de 2009, veintinueve días después de haber sido notificada la resolución en la que se denegó la moción de reconsidera-ción, el peticionario presentó un recurso de certiorari ante el Tribunal de Apelaciones.
Por su parte, el foro apelativo intermedio se declaró sin jurisdicción para atender el caso. Esto, esencialmente, por-que concluyó que la Regla 194 de Procedimiento Criminal, supra, solo regula lo relativo a las mociones de reconside-ración de sentencias en procesos penales. No obstante, el Tribunal de Apelaciones expresó que, sobre la moción de reconsideración de una orden o resolución interlocutoria en el ámbito penal, existe un evidente vacío normativo. Ese foro, sin embargo, concluyó que, al no estar regulada la solicitud de reconsideración sobre dictámenes interlocuto-rios en nuestros cuerpos normativos, solo una moción de reconsideración de una sentencia emitida por el foro de instancia interrumpe el término para acudir ante el Tribu *695 nal de Apelaciones mediante recurso de certiorari. Un ar-gumento similar es el que también nos esboza el Estado mediante la Procuradora General. No nos convence este razonamiento.
De acuerdo con la normativa pautada, y supliendo la laguna normativa que existía al respecto, la presentación de la moción de reconsideración de la resolución interlocu-toria que declara “no ha lugar” una solicitud de supresión de evidencia en este caso interrumpió el término para acu-dir mediante certiorari ante el Tribunal de Apelaciones. Al amparo de la normativa expuesta, el término para acudir en alzada ante el Tribunal de Apelaciones en el caso de autos quedó interrumpido el 17 de abril de 2009, día en que el señor Román Feliciano presentó una oportuna mo-ción de reconsideración ante el Tribunal de Primera Instancia. Al haber emitido ese foro una resolución para denegar la moción de reconsideración el 27 de abril de ese mismo año, desde ese momento comenzaron los treinta días de estricto cumplimiento para acudir mediante certio-rari ante el foro apelativo intermedio.
Por lo tanto, como el señor Román Feliciano presentó un recurso de certiorari en el término de treinta días para acudir ante el Tribunal de Apelaciones en este caso, ese foro no puede justificar la denegatoria del recurso apela-tivo por este haber sido presentado tardíamente.
Mediante este proceder, subsanamos por ahora el vacío normativo existente referente a los efectos de la moción de reconsideración de órdenes o resoluciones interlocutorias sobre el término para acudir en alzada ante el Tribunal de Apelaciones. No obstante, esto no impide que, al momento de adoptar nuevas Reglas de Procedimiento Criminal, este Tribunal acoja una normativa diferente sobre esta materia. En estos momentos, sin embargo, es imperativo suplir normativamente este vacío, pues nos enfrentamos a un mecanismo procesal utilizado a diario en los Tribunales de Primera Instancia de nuestra jurisdicción.
*696 IV
Por los fundamentos expuestos, se revoca la resolución emitida por el Tribunal de Apelaciones y se devuelve el caso ante ese foro para que lo atienda si, discrecionalmente, en-tiende que es lo correcto.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Martínez Torres disintió con una opinión escrita. La Jueza Asociada Señora Pabón Charneco no intervino.