EL PUEBLO DE PUERTO RICO, recurrido, *v.* JESÚS VALDÉS SÁNCHEZ, acusado y peticionario.

Número: CE-93-484          Resuelto: 29 de marzo de 1996

*Rodolfo Glück*, abogado del peticionario; *Carlos Lugo Fiol, Subprocurador General*, y *Miguel A. Santana Bagur, Procurador General Auxiliar*, abogados de El Pueblo.

El Juez Presidente Señor Andréu García emitió la opinión del Tribunal.

El peticionario, Jesús Váldez Sánchez, Gerente de la Tienda Kress en Ponce, fue denunciado por el delito de difamación (Art. 118 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4101) por alegadamente llamarle "pilla" a una clienta de la referida tienda. El Tribunal de Distrito, Hon. Etienne Estremera, Juez, lo encontró culpable luego de finalizado el desfile de prueba y lo sentenció al pago de una multa de cincuenta dólares ($50.00) más las costas. Inmediatamente después de pronunciarse el fallo, el abogado de la defensa solicitó oralmente la reconsideración. El juez de instancia instruyó a dicho abogado para que sometiera por escrito los fundamentos por los cuales debía reconsiderar, lo cual éste hizo al otro día. A dicha moción se opuso el Ministerio Público. El foro a quo reconsideró el fallo y absolvió al acusado mediante Orden de 5 de mayo de 1993, archivada el 19 de mayo de 1993.

Inconforme, el Ministerio Público presentó un recurso de *certiorari* ante el Tribunal Superior en el que alegó que el foro de instancia había errado al declarar con lugar la moción de reconsideración del acusado y al haber ordenado que éste fuese absuelto en contravención a la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El acusado se opuso alegando que la Regla 216(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permitía que el juez reconsiderara el fallo y el juez había actuado conforme a la Regla. Señaló, además, que la Regla 185, *supra*, no era aplicable.

Atendidos los planteamientos de las partes, el Tribunal Superior dictó sentencia revocatoria de la orden dictada por el Tribunal de Distrito y reinstaló el fallo condenatorio dictado el 20 de enero de 1993. El tribunal concluyó que eran aplicables las disposiciones de la Regla 185 de Procedimiento Criminal, *supra*, y su jurisprudencia interpretativa y, por tal razón, una sentencia válida no se podía

modificar. La defensa solicitó reconsideración y ésta fue denegada.

Inconforme, Váldes Sánchez acude ante nos mediante solicitud de *certiorari* alegando como único error lo siguiente:

> Si el Juez de Distrito que dicta un fallo condenatorio en un caso criminal, queda irremediablemente atado al mismo, sin poder modificarlo, aunque se convenza posteriormente, en virtud de una moción de reconsideración radicada oportunamente por el acusado, que el fallo es equivocado y que procede dictar otro absolviendo al acusado.

El 24 de noviembre de 1993 emitimos una resolución mediante la cual le requerimos al Ministerio Público que mostrara causa por la cual no debía expedirse el auto solicitado, revocar la sentencia recurrida y decretar la absolución del peticionario. El Ministerio Público ha comparecido y procedemos a resolver según lo intimado.

I

El peticionario alega que en el presente caso no se trata de la reconsideración de la pena impuesta, sino del fallo de culpabilidad; que su solicitud a esos efectos se rige por las disposiciones de la Regla 216(b) de Procedimiento Criminal, *supra*, y no por la Regla 185, *supra*, de ese mismo cuerpo legal; que un juez tiene facultad inherente para reconsiderar un fallo de culpabilidad y que se "violan los más elementales principios de justicia y el debido procedimiento de ley si se le niega esa facultad". El peticionario tiene razón.

Aunque tanto el *fallo* como la *sentencia* son dos (2) conceptos distintos, en ocasiones se entremezclan. Resolvimos en *Pueblo v. Tribunal Superior*, 94 D.P.R. 220, 223 (1967), que *fallo* "es el pronunciamiento hecho por el Tribunal condenando o absolviendo al acusado". *Sentencia*

"es el pronunciamiento hecho por el Tribunal en cuanto a la pena que se le impone al acusado". Íd. Veáse Regla 160 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

La Regla 185(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone lo siguiente:

> (a) *Sentencia ilegal; redacción de la sentencia.* El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*
>
> (b) *Errores de forma.* Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimare necesaria dicha notificación. (Énfasis en el original.)

■ De acuerdo con dicha regla, cuando los términos de la sentencia exceden los límites establecidos por la ley penal o establece un castigo distinto al que ha sido impuesto, el tribunal a través de este mecanismo puede modificar la pena impuesta ya que la Regla 185, *supra*, trata de las correcciones de sentencias y de sus reducciones, no de variar o dejar sin efecto los fallos. En vista de que la Regla 185, *supra*, no puede ser utilizada para variar o dejar sin efecto los fallos, evaluemos si la Regla 216(b), antes transcrita, provee algún mecanismo para ello.

■ La Regla 216 de Procedimiento Criminal, *supra*, regula lo concerniente a las apelaciones ante el Tribunal Superior de sentencias dictadas por el Tribunal de Distrito. Dicha regla dispone en su inciso (b) lo siguiente:[1]

---

[1] La referida regla fue derogada por la Ley Núm. 251 de 25 de diciembre de 1995, la cual entrará en vigor el 1ro de mayo de 1996. Mediante el referido estatuto se enmendó la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que en su parte pertinente provee lo siguiente:

La apelación se formalizará presentando un escrito de apelación o una solicitud de juicio *de novo* en la secretaría de la sala del Tribunal de Distrito en que se celebró el juicio, previa notificación del mismo al Ministerio Público o al fiscal privado, si lo hubiere, dentro del término de diez (10) días, contados a partir de la fecha en que la *sentencia condenatoria fuere dictada. Si se solicitare la reconsideración de la sentencia*, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal *negando la reconsideración.* Cuando el acusado apelante se encontrare recluido en una institución penal y apelare por su propio derecho, el recurso de apelación se formalizará de acuerdo con lo prescrito en la Regla 195. (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 216(b).

Al examinar el texto de la Regla 216(b), *supra*, notamos que aunque ésta *no provee expresamente* un mecanismo para que un juez pueda variar o dejar sin efecto un fallo, sí reconoce implícitamente la facultad de éste para reevaluar la sentencia emitida a través de una moción de reconsideración. Ello se desprende del texto de la Regla 216, *supra*, cuando señala que "[s]i se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido". Íd.

A pesar de que en el texto de la Regla 216, *supra*, se utilizan los términos "sentencia condenatoria" y "sentencia", interpretamos que éstos están siendo utilizados en un sentido amplio, para incluir tanto *el fallo de culpabilidad* como la pena impuesta, ya que en apelación se pueden revisar ambos aspectos. Además, la reconsideración lo que persigue es que el foro de instancia revalúe su posición a la luz de los señalamientos expuestos, sin necesidad de acudir a un foro apelativo para ello.

La anterior interpretación es cónsona con el propósito

---

"Si cualquier parte solicitare la reconsideración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración."

que animó al legislador a enmendar el inciso (b) de la mencionada Regla 216 mediante la Ley Núm. 13 de 6 de febrero de 1979 para, además de aumentar el término para presentar el escrito de apelación de cinco (5) a diez (10) días, "establecer que una moción de reconsideración tiene el efecto de interrumpir el término para radicar el escrito de apelación y que dicho término comenzará a partir de la fecha en que el tribunal dicte el no ha lugar a la moción de reconsideración". Veáse la Exposición de Motivos de la Ley Núm. 13, *supra*, 1979 Leyes de Puerto Rico 27.

Que el legislador, al adoptar el término *sentencia* se refirió también al *fallo* condenatorio, surge claro del Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre el P. de la C. 757, que luego se convirtió en la referida Ley Núm. 13. En dicho informe se dice lo siguiente:

> También esta medida establece el efecto de una moción de reconsideración luego de emitido el *fallo condenatorio* cosa que no est[á] señalada en los procedimientos en casos criminales. (Énfasis suplido.)

En vista de que no hay disposición en la Regla 216, *supra* (ni otra regla de procedimiento criminal) que limite la reconsideración que allí se trata al pronunciamiento de la pena impuesta, y cónsono con la máxima de Derecho al efecto de que "se entiende permitido lo que no está prohibido",[2] entendemos que la reconsideración se extiende a los méritos de la controversia: la determinación o fallo de culpabilidad del acusado. Resolver de otro modo sería desvirtuar la utilización del mecanismo de reconsideración, ya que si se limita a la legalidad o severidad de la pena serviría el mismo propósito de la Regla 185 de Procedimiento Criminal, *supra*, y lo convertiría en un mecanismo innecesario y repetitivo.

---

[2] Véase *Campos del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337 (1982).

■ Resolvemos, pues, que un Juez de Distrito tiene facultad para reconsiderar un fallo condenatorio si, inmediatamente o en un término razonablemente corto después de hecho tal pronunciamiento, así se le solicita.[3]

Evaluado el presente caso a la luz de lo antes expuesto, concluimos que el foro a quo erró al revocar la determinación de absolución del acusado dictada por el foro de instancia. Dado que el abogado del acusado presentó verbalmente su solicitud de reconsideración en corte abierta —inmediatamente después de haberse pronunciado el fallo condenatorio— y que tal solicitud fue acogida por el tribunal sentenciador mediante la concesión de tiempo para presentar memoriales, el foro de instancia tenía autoridad para reconsiderar su determinación original de culpabilidad a la luz de los planteamientos esbozados en la moción presentada.

Por los fundamentos antes expuestos, *se expedirá el auto solicitado y se dictará sentencia para revocar la sentencia dictada por el Tribunal Superior, Sala de Ponce; se dejará en pleno vigor el fallo dictado en reconsideración el 5 de mayo de 1993, por el Tribunal de Distrito, Sala de Ponce, que decretó la absolución del acusado.*

---

[3] Véase escolio número 1. A partir de 1ro de mayo de 1996, la Regla 194 de Procedimiento Criminal, *supra*, proveerá un término improrrogable de quince (15) días para ello.