El Juez Asociado Señor Rebollo López
emitió la opinión disidente.
Los hechos que sirven de origen al presente recurso son, no hay duda, antipáticos.(1) Ello, sin embargo, no puede nublar nuestro entendimiento ni hacer que olvidemos nuestra obligación de velar por que en nuestra jurisdicción se garanticen al máximo los derechos de los ciudadanos que son acusados de la supuesta comisión de un delito público.
La actuación de una mayoría de los integrantes de este Tribunal, al negarse a revisar y revocar la equivocada sen-tencia emitida en el presente caso por el Tribunal de Ape-laciones, socava uno de los principios más fundamentales de nuestro sistema de derecho penal, el cual establece que, al amparo de la presunción de inocencia, ninguna persona imputada de delito público puede ser declarada culpable de la comisión de éste, a menos que el juzgador de los hechos quede convencido de que su culpabilidad ha sido demos-trada más allá de duda razonable.
Pero, más aún, la lamentable acción mayoritaria atenta contra uno de los baluartes principales sobre los cuales se sostiene nuestro sistema de justicia, cual es, la indepen-dencia judicial, principio fundamental por el cual este Tri *798 bunal ha librado cruentas batallas contra aquellos que, en el pasado, han intentado socavarlo.
En palabras sencillas, la mayoría del Tribunal en el pre-sente caso violenta la conciencia judicial y la independen-cia de criterio de uno de los integrantes de nuestra Judica-tura, ordenándole al juez que presidió los procedimientos a nivel de instancia que proceda a sentenciar a pena de cár-cel a un ciudadano a quien dicho magistrado había exone-rado por entender que el Estado había incumplido con su obligación de probar su culpabilidad más allá de duda razonable.
I
Contra el peticionario, la oficina del Fiscal Especial In-dependiente presentó una acusación por una supuesta in-fracción al Art. 105 del hoy derogado Código Penal de 1974 (33 L.P.R.A. see. 4067), ante el Tribunal de Primera Instan-cia, Sala Superior de Utuado.
Celebrado el juicio por un tribunal de derecho, el magis-trado que presidió los procedimientos, Hon. Alvin Rivera Rivera, declaró culpable y convicto al peticionario Vera Monroig por el delito de actos lascivos, refiriéndolo a la Oficina de los Oficiales Socio Penales para la investigación e informe correspondientes.
Recibido el informe por el juez de instancia, a éste le llamó la atención un dato que le hizo dudar sobre la correc-ción del fallo de culpabilidad que había emitido en el caso; en específico, el magistrado se cuestionó internamente la corrección de la determinación de credibilidad que él había hecho respecto al testimonio de la supuesta perjudicada en el caso. Dicha duda tuvo como base una manifestación que, conforme el informe rendido, le había hecho la supuesta perjudicada a la oficial sociopenal.
Con el propósito de aclarar la referida duda, el juez de instancia señaló una vista evidenciaría, en la cual testifi- *799 carón tanto la alegada perjudicada como la técnica socio-penal.(2) Terminada la vista, y en corte abierta, el magis-trado expresó, en lo pertinente que:
Bien, conforme a todo el proceso llevado a cabo, de lo que he escuchado en el día de hoy, toda la evidencia que se desfiló en el juicio, el examen mental que he hecho de toda esa eviden-cia, incluso que he escuchado las grabaciones del proceso judicial en mi oficina, toda la evidencia presentada, reconsidera-mos el fallo de culpabilidad del día 29 de noviembre de 2006, tenemos duda de su culpabilidad, puede retirarse. (Enfasis suplido.)
Insatisfecho con la referida actuación, la Oficina del Fiscal Especial Independiente acudió en revisión de ésta ante el Tribunal de Apelaciones. Dicho foro apelativo —no obs-tante reconocer, expresamente, que “los tribunales tienen un poder inherente para reconsiderar sus determinacio-nes, a solicitud de parte o motu propio, siempre y cuando conserven jurisdicción sobre el caso”— dictó sentencia revo-catoria debido, de manera principal, a que en el criterio de los Jueces del Tribunal de Apelaciones, el juez de instancia no siguió el procedimiento “adecuado”.
A esos efectos, e interpretando erróneamente las expre-siones que hiciera el juez de instancia al reconsiderar su fallo de culpabilidad, el foro apelativo intermedio expresó, en apoyo de su equivocado proceder, que
[r]econocemos la facultad que tenía el TPI para reconsiderar su fallo. Ello, con el objeto de corregir algún error que entendió hubiera cometido y que no fuera cónsono con los fines de la justicia. Pero, el descargo adecuado de esta facultad presupo-nía que reconsiderara su determinación basándose en la prueba que se desfiló durante el juicio. Sin embargo, en el pro-cedimiento que celebró el TPI, reevaluó testimonios que aqui-lató durante el juicio basándose, no en la prueba que se desfiló en el juicio, tampoco en prueba nueva que hubiera podido ser óbice para un nuevo juicio, sino en información contenida en el informe presentencia. En relación a lo anterior, entendemos *800 que el TPI se sirvió incorrectamente del informe presentencia para dirimir cuestiones que exceden los objetivos de dicho documento. (Enfasis suplido y en el original.)
Inconforme, el peticionario Vera Monroig acudió ante este Tribunal —vía certiorari— imputándole al Tribunal de Apelaciones haber errado al decidir así. Mediante Resolu-ción de 26 de octubre de 2007, una mayoría de los integran-tes del Tribunal denegó el recurso presentado. En dicha ocasión el Juez Asociado Señor Rivera Pérez y el Juez sus-cribiente hicimos constar que “expediríamos”.(3) Presen-tada una moción de reconsideración y, nuevamente, por vo-tación mayoritaria, este Tribunal la denegó. En dicha ocasión hicimos constar que nos reservábamos el derecho a emitir una opinión disidente. Hoy procedemos a hacerlo.
II
No debe, ni puede, haber la menor duda sobre el hecho de que los tribunales tienen el poder inherente de poder reconsiderar sus determinaciones, a solicitud de parte o motu proprio, siempre que, cuando así actúen, todavía con-serven jurisdicción sobre el caso. Pueblo v. Rodríguez Meléndez, 150 D.P.R. 519 (2000); Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996); Pueblo v. Tribl. Superior, 81 D.P.R. 763 (1960).
Sencillamente, no puede ser de otra manera. Un juez siempre debe tener la autoridad para reconsiderar una de-cisión que haya emitido, si es que se convence que ésta es errónea; sobre todo, y de manera especial, en los casos cri-minales, en los cuales están “en juego” la reputación y li-bertad de los ciudadanos. (4)
*801 De hecho, así lo reconoció el Tribunal de Apelaciones. Ello no obstante, dicho foro judicial revocó la reconsidera-ción en controversia, ya que entendió que el juez de instan-cia no había seguido el procedimiento “adecuado”. Al expli-car el referido fundamento, el foro apelativo intermedio —obviamente malinterpretando las expresiones del juez de instancia— indicó que éste había, erróneamente, resuelto reconsiderar únicamente a base del informe presentencia. Erró al actuar así.
Las expresiones que el juez de instancia hiciera, al re-considerar el fallo de culpabilidad, claramente indican que su actuación se basó en la reevaluación que él hiciera de toda la prueba que ante él desfilara durante la vista en su fondo del caso. Esto es, no obstante ser correcto que a dicho magistrado le llamó la atención la información que leyó en dicho informe, resulta ser meridianamente claro que su de-cisión de reconsiderar el fallo se debió a una actuación de conciencia de su parte, la cual le llevó a concluir que había errado en la adjudicación original de credibilidad que ha-bía hecho inmediatamente antes de emitir su fallo de culpabilidad.
Contra un ejercicio de conciencia no existen tecnicismos legales que valgan. Dicho de otra manera, cuando de hacer justicia se trata, nuestro curso decisorio no puede quedar sujeto a tecnicismos legales. Correa Negrón v. Pueblo, 104 D.P.R. 286 (1975).
En el presente caso, el juez de instancia no sólo obedeció los mandatos de su consciencia sino que los de nuestro or-denamiento jurídico, a los efectos de que el juzgador de los hechos debe absolver al imputado de delito en toda situa-ción en que entienda existe duda razonable sobre la culpa-bilidad de éste.
Intervenir con esa actuación de conciencia constituye no sólo un intento del foro apelativo de sustituir su criterio por el del juez de instancia, sino una interferencia indebida de parte de dicho foro con ese ejercicio de conciencia. Orde- *802 narle a un juez de instancia que proceda a sentenciar a una persona que éste considera inocente, violenta los más elementales principios de justicia vigentes en nuestra juris-dicción, sobre todo la independencia de criterio judicial.
Es por ello que disentimos.

 Se trata de la supuesta comisión, por el peticionario Vera Monroig, de unos actos lascivos contra una persona que había solicitado trabajo en el Municipio de Adjuntas.

 El Fiscal Especial Independiente presentó otra testigo, de nombre Iris Zo-raida llamos Rivera, quien fungía como técnico sociopenal.

 El Juez Asociado Señor Fuster Berlingeri no intervino.

 Así lo hemos resuelto también el campo civil. Véanse: Caro v. Cardona, 158 D.P.R. 592 (2003); Lagares v. E.L.A., 144 D.P.R. 601 (1997); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965).