

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Helen Silva Colón<br><br>Peticionaria | Certiorari<br><br>2012 TSPR 37<br><br>184 DPR ____ |

Número del Caso: CC-2010-98

Fecha: 29 de febrero de 2012

Tribunal de Apelaciones:

      Región Judicial de San Juan Panel I

Juez Ponente:

      Hon. Luis R. Piñeiro González

Abogados de la Parte Peticionaria:

      Lcdo. Carlos Velazquez Ramírez

Oficina del Procuradora General:

      Lcda. Irene S. Soroeta Kodesh
      Procuradora General

      Lcda. Zaira Z. Girón Anadón
      Subprocuradora General

      Lcdo. Reinaldo Camps del Valle
      Procurador General Auxiliar

Materia: Ley Uniforme de Valores Art. 101(2) y (4); Art. 201 y Art. 301

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.

Helen Silva Colón

Peticionaria

Certiorari

CC-2010-0098

Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García.

En San Juan, Puerto Rico, a 29 de febrero de 2012.

La Sra. Helen Silva Colón (peticionaria) nos solicita la revisión de una sentencia dictada por el Tribunal de Apelaciones. Mediante ese dictamen, se desestimó por tardío el recurso de apelación presentado por esta. El foro apelativo intermedio concluyó que una moción presentada por la peticionaria ante el foro primario, luego de emitida una sentencia criminal en su contra, no era propiamente una reconsideración. Por ello, determinó que dicha moción no interrumpió el término para recurrir en apelación.

En ese contexto, este recurso nos brinda la oportunidad de delimitar los contornos de una moción de reconsideración en el ámbito procesal penal. Asimismo, nos permite profundizar sobre los propósitos y el contenido de lo que constituye una moción de rebaja de sentencia al amparo de la Regla 185 de las de Procedimiento Criminal. 34 L.P.R.A. Ap. II.

Luego de examinar los alegatos de las partes, adelantamos que confirmamos la sentencia recurrida, ya que la revisión se da contra el resultado de esta y no contra sus fundamentos. Pueblo v. Pérez, 159 D.P.R. 554 (2003); Pueblo v. González Vega, 147 D.P.R. 692 (1999). En este caso procedía desestimar la apelación, pero por un fundamento distinto al empleado por el Tribunal de Apelaciones. En lugar de tardía, la apelación era prematura. Para la adecuada atención del recurso de autos, esbozamos los antecedentes fácticos de mayor relevancia y el estado de derecho que fundamenta nuestra determinación.

I

El 11 de marzo de 2009, luego de celebrado el juicio por tribunal de derecho, el foro primario encontró culpable a la señora Silva Colón en 12 cargos por infracción a los Artículos 101(2) y (4), 201 y 301 de la Ley Uniforme de Valores de Puerto Rico 10 L.P.R.A. sec. 851 *et seq.* A su vez, el acto para dictar sentencia fue señalado para el 11 de mayo de 2009.

El 13 de abril de 2009 la peticionaria presentó un recurso de apelación en el que solicitó la revocación del dictamen emitido por el foro sentenciador. Sin embargo, en vista de que aún no se había dictado sentencia y por tanto los términos para presentar el recurso de apelación no habían comenzado a transcurrir, el foro apelativo intermedio desestimó el recurso presentado por prematuro.[1]

Luego de varias suspensiones de la vista, el 10 de julio de 2009 el Tribunal de Primera Instancia dictó la correspondiente sentencia. En consecuencia, la peticionaria fue condenada a cumplir 18 años de reclusión por todos los cargos, sentencia que fue suspendida bajo el régimen de libertad a prueba. Además, se le impuso una pena especial sin especificación de las cuantías correspondientes a cada uno de los delitos.

Así las cosas, el 13 de julio de 2009 la señora Silva Colón presentó una moción intitulada "Solicitud para que se modifique la imposición de pena especial bajo el artículo 67 del Código Penal".[2] En su petición, cuestionó que la pena especial se le impusiera por cada uno de los delitos, razón por la que el pago total ascendía a $3,600. Además, solicitó que se modificara la pena y que se le impusiera un solo pago de $300 por todos los delitos por los que fue convicta. En respuesta, el foro primario señaló la celebración de una vista para el 2 de septiembre

---

[1] Véase, Apéndice de la Petición de *certiorari*, págs. 61-65.

[2] Id, pág. 17.

de 2009. No obstante, previo a celebrarse esa vista, el 11 de agosto de 2009 la peticionaria presentó una segunda apelación ante el foro intermedio apelativo.[3] En consecuencia, el tribunal de instancia entendió que no podía intervenir en el caso y que la solicitud de modificación quedó en suspenso hasta tanto el foro apelativo resolviera el recurso presentado.[4]

Atendida la petición, el Tribunal de Apelaciones lo desestimó por considerarlo tardío. Razonó que la moción presentada por la señora Silva Colón luego de emitida la sentencia en su contra, no era propiamente una solicitud de reconsideración, por lo que esta nunca interrumpió el término para apelar. Específicamente, el tribunal *a quo* expresó que al examinar el contenido de la moción que se presentó ante el foro de instancia, no podía concluir que la misma era una solicitud de reconsideración. En la sentencia notificada el 7 de enero de 2010, el foro intermedio coligió que la moción en cuestión se limitaba a solicitar la modificación de la pena especial y no trataba sobre los méritos del fallo o la pena impuesta por los delitos cometidos.[5]

Inconforme con ese dictamen, el 3 de febrero de 2010 la peticionaria acudió ante este Foro mediante el recurso

---

[3] En su recurso, la peticionaria se adentró en los méritos del fallo condenatorio y de las penas impuestas.

[4] Véase, Anejo I del Alegato de la Procuradora General.

[5] Véase, Apéndice de la Petición de *certiorari,* pág. 7.

de *certiorari* de epígrafe, en el cual formula el siguiente señalamiento:

> Erró el Honorable tribunal de apelaciones al determinar que una moción solicitando la modificación de pena impuesta en una sentencia dictada no puede ser considerada como moción de reconsideración, así interrumpiendo el término para apelar dicha sentencia.

Así las cosas, el 25 de junio de 2010 emitimos una Resolución en la cual le concedimos término a la Procuradora General para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia recurrida. En cumplimiento de lo ordenado, la Procuradora General presentó su alegato. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

A

La controversia del recurso de autos exige que entremos a discutir los propósitos de la moción de reconsideración bajo la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II., y su historial, al igual que los propósitos de la Regla 185, *supra*, sobre modificación o rebaja de sentencia. De igual forma, en relación a estas reglas, debemos expresarnos sobre la imposición de la pena especial y su alcance sobre la figura de una sentencia en el ámbito penal. Para ello, pasemos a estudiar el historial de la figura de la reconsideración.

En nuestra jurisdicción, el cuerpo procesal criminal no regula de manera expresa y detallada la forma de

presentar una moción de reconsideración ante el foro de instancia. Lo pertinente a la reconsideración está contenido en la Regla 194, *supra*, vigente. Sin embargo, es necesario señalar que a esta regla le precedía la derogada Regla 216 que reglamentaba el procedimiento de las apelaciones del extinto Tribunal de Distrito al Tribunal Superior y hacía referencia a la moción de reconsideración.[6]

En el 1979 la Asamblea Legislativa aprobó la Ley. Núm. 13 de 6 de febrero de 1979, 34 L.P.R.A. Ap. II, ant. R. 216, reconociendo que ni en la Regla 216, "ni en ninguna otra de las Reglas de Procedimiento Criminal [se] nos habla[ba] de los efectos de la moción de reconsideración sobre una sentencia condenatoria dictada."[7] Mediante esta legislación, se enmendó el inciso B de la referida regla a los fines de establecer que una moción de reconsideración tenía el efecto de interrumpir el término para presentar el escrito de apelación.[8]

Años más tarde, con la reforma judicial adoptada por la Ley de la Judicatura de Puerto Rico de 1994, Plan de

---

[6] En su inciso (j) la Regla 216 disponía, en lo pertinente que:
Cualquier parte perjudicada por una sentencia dictada en cualquier procedimiento de apelación podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en autos de la notificación de la sentencia, **radicar en la sala del Tribunal Superior que la hubiere dictado una moción interesando la reconsideración de la sentencia, haciendo constar en ella los fundamentos de su solicitud.** (Énfasis nuestro.).

[7] Véase Exposición de Motivos Ley Núm. 13 de 6 de febrero de 1979.

[8] Específicamente, la Regla 216(b), 34 L.P.R.A. Ap. II, ant. R. 216(b), según entonces enmendada, expresaba, entre otras cosas, que: "[s]i se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido".

Reorganización Núm. 1 de la Rama Judicial, de 28 de julio de 1994, fue necesario atemperar las reglas procesales a la nueva estructura judicial. Así, por medio de la Ley Núm. 251-1995 (34 L.P.R.A. Ap. II), la Regla 216 fue derogada en su totalidad y se aprobó un nuevo texto para establecer el procedimiento de reconsideración a partir de una resolución final o sentencia del Tribunal de Apelaciones. Mediante el referido estatuto, también se enmendó la Regla 194 para establecer el procedimiento por el cual se puede formalizar un recurso apelativo en el ámbito penal. Además, se prescribieron las consecuencias de presentar una moción de reconsideración en los tribunales de instancia. A esos efectos, la actual Regla 194 dispone en lo pertinente que:

> Si cualquier parte solicitare la reconsideración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de *certiorari* quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración. 34 L.P.R.A. AP. II, R. 194.

Ahora bien, debemos puntualizar que el vigente esquema procesal penal no cuenta con más especificaciones sobre el alcance de una solicitud de reconsideración de una sentencia dictada por el foro primario. Empero, es harto conocido que los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio* mientras conserven jurisdicción sobre los casos. <u>Pueblo v. Román Feliciano</u>, 181 D.P.R. 679

(2011). Según hemos señalado, "[e]l objetivo principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla". Lagares v. E.L.A., 144 D.P.R. 601, 609 (1996), citando a Dávila v. Collazo, 50 D.P.R. 494, 503 (1936).

Cónsono con lo enunciado, el mecanismo de la reconsideración sirve a los propósitos de permitirle a la parte afectada por una resolución, orden interlocutoria, sentencia final o dictamen posterior, solicitarle al tribunal adjudicador que modifique o deje sin efecto el dictamen en controversia. Pueblo v. Ronny Román Feliciano, supra.

Por otro lado, hoy reiteramos la doctrina general de que los tribunales, "antes de que la sentencia haya sido ejecutada, tienen autoridad para **reconsiderarlas y modificarlas**, bien mitigando o aumentando la pena impuesta". Pueblo v. Carbone, 59 D.P.R. 610, 617 (1941) (Énfasis nuestro.). Como hemos pronunciado, los tribunales pueden ejercer esta facultad a solicitud de parte interesada o *motu proprio*, con el propósito de ajustarlas a la ley, tanto para corregir un error en que hayan podido incurrir al imponerlas, como para ajustarlas a cualquier situación de hechos que sean debidamente probados por una u otra parte. *Íd.*

De igual forma, hemos reconocido que esta facultad no debe ejercitarse arbitrariamente sin que exista un motivo justificado, ya que existe la presunción de que cuando un tribunal dicta su sentencia lo hace tomando en consideración todos los hechos concurrentes probados. Pueblo v. Carbone, supra.

Así, durante la vigencia del Código de Enjuiciamiento Criminal y antes de la aprobación de las Reglas de Procedimiento Criminal, este foro judicial expresó que la facultad de reconsiderar la sentencia está restringida por ciertas normas, a saber:

(1)     que el sentenciado debe encontrarse todavía bajo la custodia del tribunal sentenciador, sin haber empezado a cumplir ninguna parte de la sentencia original;

(2)     que la reconsideración no se produzca a menos que un  error en el nombre, en la pena impuesta, o en la aplicación de la ley a los hechos probados en el proceso, justifiquen la reconsideración  de la sentencia original;

(3)     que existan ciertas circunstancias que justifiquen la mitigación o la agravación de la sentencia.[9]

Ahora bien, en Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996) aclaramos que la reconsideración de la sentencia se extiende tanto a la pena, como al fallo condenatorio. En esa ocasión, luego de que el Tribunal de Distrito absolviera al acusado en virtud de una solicitud de reconsideración de su fallo, el Ministerio Público presentó un recurso de *certiorari*. En su petición, alegó

---

[9] Pueblo v. Lozano Díaz, 88 D.P.R. 834, 837 (1963); Santiago v. Jones, 74 D.P.R. 617 (1953).

que el foro de instancia había errado al declarar con lugar la moción de reconsideración del convicto y al haber ordenado que este fuese absuelto, ya que ello estaba en contravención a lo dispuesto en la Regla 185 de Procedimiento Criminal, *supra*. Por su parte, el acusado se opuso alegando que la derogada Regla 216(b) de Procedimiento Criminal permitía que el juez reconsiderara su fallo y que, al así proceder, el juez actuó conforme a los parámetros estatutarios de la misma.

Así pues, en ese caso, vislumbrando la vigencia próxima de la Ley Núm. 251, que vendría aprobar la actual Regla 194, aclaramos que el fallo y la sentencia son dos figuras distintas que en ocasiones se entremezclan. Remitiéndonos al historial legislativo de la derogada Regla 216(b), interpretamos que al adoptar el término sentencia el legislador se refirió también al fallo condenatorio. Razonamos allí que, además de la sentencia, la reconsideración se extiende a los méritos de la controversia y por ende a la determinación o fallo de culpabilidad. Concluimos que no podíamos limitar la solicitud de reconsideración de la sentencia a la legalidad o severidad de la pena. Esto porque al así actuar, habríamos avalado que la reconsideración tuviera exactamente los mismos propósitos de la Regla 185 de Procedimiento Criminal, convirtiendo a esta última en un proceso repetitivo e innecesario.

Al establecer que la solicitud de reconsideración incluye tanto a la pena como al fallo condenatorio, aclaramos los límites de esta figura procesal. A su vez, esta interpretación de la función dual de la solicitud de reconsideración, nos permite arrojar luz por primera vez sobre una disyuntiva que ha permanecido latente hasta este momento: si una solicitud de modificación de la pena constituye, a los efectos, una moción de rebaja de sentencia bajo la Regla 185 y si, además, podemos considerarla como una solicitud de reconsideración. Veamos entonces las delimitaciones y los propósitos de la moción de corrección de sentencia bajo la Regla 185.

B

Como es sabido, en nuestro ordenamiento procesal la sentencia es el pronunciamiento judicial de la pena que se le impone al acusado tras un fallo o veredicto de culpabilidad. <u>Pueblo v. Martínez Lugo</u>, 150 D.P.R. 238 (2000). De igual forma, el esquema procesal provee para que una vez se dicte sentencia en un caso, el tribunal modifique su dictamen de cumplirse ciertas condiciones.

El texto de la precitada Regla 185, según enmendada, prescribe lo siguiente:

> (a) Sentencia ilegal; *redacción de la sentencia.* El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. **Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato**

**confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari*.**

(b) Errores de forma. Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por inadvertencia, u omisión, podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimare necesaria dicha notificación.

(c) Modificación de sentencia. El tribunal podrá modificar una sentencia de reclusión en aquellos casos que cumplan con los requisitos de la sec. 4732 del Título 33 y de la Ley del Mandato Constitucional de Rehabilitación, sec. 1611 a 1616 del Título 4. 34 L.P.R.A. Ap. II, R. 185. (Énfasis nuestro.)

Es meritorio apuntar que esta disposición tiene su origen en la Regla 35 de Procedimiento Criminal Federal[10]. En el ámbito federal, esta regla regula lo relacionado a la corrección y la reducción de una sentencia.

Al examinar su trasfondo histórico, observamos que esta regla cubría tres situaciones distintas, a saber: proveía para la corrección de una sentencia ilegal, así como para la corrección de una sentencia impuesta de manera ilegal, y autorizaba además, a la corte a reducir una sentencia legal, si luego de reflexionar en torno a la misma creía que la pena impuesta había sido demasiado

---

[10] Antes de ser enmendada, originalmente desde 1936 la regla disponía como sigue:

> **Correction or Reduction of the Sentence**. The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence was imposed, or within 60 days after the receipt by the court of a mandate issued upon affirmance of the judgment of dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of *certiorari*. W.M. Whitman, <u>Federal Criminal Procedure</u>, New York, Mathew Bender & Company, 1950, pág. 258.

severa.**11** Específicamente, la Regla 35(b) le daba la facultad al tribunal de distrito federal para reducir una sentencia legal si por alguna razón concluía que la sentencia originalmente impuesta era indebidamente severa.[12] Bajo esta disposición, la moción de reducción de la sentencia constituía esencialmente una solicitud de clemencia dirigida a la discreción del foro sentenciador.[13]

Sin embargo, mediante la Ley de Reforma de Sentencias (Sentencing Reform Act)[14] aprobada por el Congreso en 1987, se modificó completamente la Regla 35. El efecto luego de

---

[11] La regla aplicable a las ofensas cometidas antes de noviembre 1 de 1987 dictaba lo siguiente:

> **(a) Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Es de notar que esta regla ha sido objeto de múltiples enmiendas. Las enmiendas de 1966 y 1979 hicieron cambios leves y dividieron la regla para que la corrección de la sentencia fuera tratada en la subdivisión (a) y lo referente a la reducción en la (b). Posteriormente, luego de las enmiendas de 1987, en 1991, se le añadió un inciso (c) para permitir al foro sentenciador corregir dentro de 7 días errores técnicos obvios de la sentencia. En el 2009 se borró esta subdivisión y se enmendó la subdivisión (a) a los efectos de otorgar un periodo de 14 días para corregir este tipo de errores. 4 Wright and Welling, Federal Practice and Criminal Procedure, Sec. 611-612, págs. 589-591 (2011).

[12] Id., págs. 619-621.

[13] Id.

[14] P.L. No. 98-473, 98 Stat. 1987.

introducidas las enmiendas, resultó en que la única instancia en que la sentencia puede ser reducida es aquella en la que el acusado coopere con el estado y este último presente una moción para solicitar esta reducción.[15]

De igual forma, al presente, la regla autoriza a las cortes de distrito federal a corregir la sentencia dentro

---

[15] 4 Wright and Welling, Federal Practice and Criminal Procedure, Sec. 611-612, p. 589-591 (2011).

Actualmente, la citada regla, dicta lo siguiente:

**(a) Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b) Reducing a Sentence for Substantial Assistance.**

**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

**(A)** information not known to the defendant until one year or more after sentencing;

**(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

**(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

**(c) "Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence. Fed. R. Crim. P. 35.

de 14 días por errores técnicos patentes. En consecuencia, desde las enmiendas de 1987, la defensa ya no puede utilizar la Regla 35 para solicitar la corrección de una sentencia bajo los fundamentos de que esta era ilegal o que fue impuesta de manera ilegal.[16] Así, tampoco se puede utilizar esta regla para solicitar la reducción de una sentencia legal.

En la actualidad, varias jurisdicciones mantienen el esquema de la regla federal previo a las enmiendas de 1987 y permiten la presentación de una moción de reducción de la sentencia legal por un periodo de 120 días, mientras otras lo extienden por un periodo de hasta un año.[17] En Puerto Rico, como podemos ver, igualmente seguimos el antiguo modelo de la Regla 35 por lo que es permisible la corrección de la sentencia ilegal en cualquier momento. Al igual que la previa Regla 35 federal, la Regla 185 permite rebajar una sentencia legalmente válida.

Como hemos advertido, el proceso provisto por esta disposición constituye el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, tiene errores de forma, se ha impuesto un castigo distinto al que había sido establecido o cuando por razones justicieras se amerita que se reduzca la pena impuesta. Pueblo v. Martínez Lugo, supra. Sin embargo,

---

[16] La petición de corrección de una sentencia ilegal se puede hacer mediante apelación o presentando moción al amparo de la sec. 2255 del título 28 U.S.C.

[17] A.W. Campbell, Law of Sentencing, 3ra Ed. Sec. 14:1, pág. 569. 2004.

debemos enfatizar que a través de la Regla 185 de Procedimiento Criminal no es posible variar o dejar sin efecto los fallos condenatorios. Id. Pueblo v. Valdés Sánchez, supra.

En lo pertinente a la controversia de autos, debemos distinguir entre las dos situaciones presentadas a raíz del inciso (a) de la Regla 185. Primero, cuando la sentencia es válida, dictada conforme a derecho, y segundo, cuando la sentencia es ilegal, nula o defectuosa. Pueblo v. Tribunal Superior, 91 D.P.R. 539, 540-541 (1964).

En el supuesto de la sentencia ilegal, hemos señalado que esta es la que un tribunal dicta sin jurisdicción o autoridad, en abierta contravención al derecho vigente. Pueblo v. Lozano Díaz, 88 D.P.R. 834, 838 (1963); E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Por consiguiente, una sentencia dictada así es nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales. Pueblo v. Lozano Díaz, supra. Una actuación judicial inválida no debe conllevar consecuencias legales. Íd. En virtud de ello, la citada regla permite al tribunal corregir en cualquier momento una sentencia que adolezca de ilegalidad. Pueblo v. Martínez Lugo, supra; Pueblo v. Casanova Cruz, 117 D.P.R. 784 (1986). Esta corrección la puede hacer el tribunal sua sponte, independientemente de si el convicto empezó a

extinguir la sentencia. Pueblo v. Castro Muñiz, 118 D.P.R. 625, 653 (1987). Incluso, "la facultad del tribunal para corregir una sentencia ilegal se extiende a aumentar la pena, en situaciones en que la pena más benigna originalmente impuesta era contraria a la ley". E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, op cit., pág. 562.

Por otro lado, una sentencia legal es aquella que se dicta dentro de las facultades y los poderes del tribunal sentenciador. Pueblo v. Lozano Díaz, supra, pág. 838. A estos efectos, debemos resaltar que la Regla 185(a) provee para que en los casos en que la sentencia dictada por el tribunal sea legal, por causa justificada y en bien de la justicia, esta pueda reducirse de presentarse una solicitud dentro de un término de noventa días de haberse dictado o dentro de sesenta días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari*. Cabe señalar que una vez transcurren los términos de esa regla y expirados los plazos para **presentar reconsideración**, apelación, *certiorari* o relevo de sentencia, la sentencia dictada válidamente advendrá final y firme.

C

Por otro lado, el Art. 17 de la Ley de Compensación de Víctimas de Delito,[18] adicionó el Art. 49(C) al derogado

---

[18] Ley Núm. 183-1998 (25 L.P.R.A. sec. 981, *et seq.*).

Código Penal de 1974,[19] para disponer que, además de la pena que se imponga por la comisión de un delito, el tribunal impondrá a todo convicto una pena especial equivalente a $100 por cada delito menos grave y $300 por cada delito grave, las cuales se pagarían mediante los correspondientes sellos de rentas internas. Las cantidades recaudadas serán ingresadas al Fondo Especial de Compensación a Víctimas de Delito y serían utilizados para las víctimas de delitos y sus familiares, según lo dispone la ley y el reglamento.

Dicha Ley creó la Oficina de Compensación a Víctimas de Delito y además, enmendó la Ley de la Junta de Libertad bajo Palabra,[20] la Ley de la Administración de Corrección[21] y la Ley de Sentencias Suspendidas[22]. A estos efectos, es importante enfatizar que la satisfacción de esta pena especial es requisito previo a la participación del convicto en programas de desvío y rehabilitación de la Administración de Corrección, en hogares de adaptación social, y para la concesión de una libertad a prueba. D. Nevares Muñiz, Nuevo Código Penal de Puerto Rico, 3ra Ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2008, pág. 99.

Con la adopción del Nuevo Código Penal, 33 L.P.R.A. sec. 4629, et seq., la pena especial fue clasificada como

[19] 33 L.P.R.A. ant. sec. 3214.

[20] Ley Núm. 118 de 22 de junio de 1974, 4 L.P.R.A. sec. 1501 et seq.

[21] Ley Núm. 116 de 22 de julio de 1974, 4 L.P.R.A. sec. 1101 et seq.

[22] Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1027 et seq.

una de las penas aplicables a las personas naturales,[23] y está estatuida en el Art. 67. Específicamente, este artículo expresa que:

> Además de la pena que se impone por la comisión de un delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave. La pena aquí dispuesta se pagará mediante los correspondientes sellos de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. 33 L.P.R.A. sec. 4695.

III

No nos persuade la argumentación del Procurador General en la que aduce que la moción de reconsideración tiene el propósito de que el foro sentenciador reevalúe la **totalidad del dictamen** para determinar si incurrió en algún error que pueda subsanar.

Opinamos que la petición de reconsideración de la sentencia, según históricamente se ha conceptualizado, recae sobre la sentencia y el fallo. Véase, Pueblo v. Valdez Sánchez, supra. Recordemos pues, que la palabra "sentencia" significa el pronunciamiento hecho por el tribunal en cuanto a la pena que se le impone al acusado. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, pág. 520. Del mismo modo, el fallo es el pronunciamiento hecho por el tribunal condenando o absolviendo al acusado. Id.

En atención al marco jurídico enunciado, es forzoso colegir que la pena especial impuesta es inextricablemente

---

[23] Véase Art. 49, 33 L.P.R.A. sec. 4677.

parte de la sentencia. Es decir, es parte de ese pronunciamiento que hace el tribunal condenando al acusado a compensar de alguna forma el daño causado. La intención específica de que los fondos obtenidos por medio de la imposición de esta pena estén destinados al Sistema de Compensación de Víctimas del Delito, no hace a esta pena una exógena al resto de las penas aplicables a las personas naturales convictas de delito que sean sentenciadas. No podemos entonces fraccionar la sentencia cuando se peticiona su modificación específicamente en cuanto a su pena especial. Por lo tanto, es preciso concluir que al solicitar la modificación de la pena especial, a su vez se está solicitando la modificación de la sentencia.

Ahora bien, al colegir que la pena especial que prescribe el Art. 67 del Código Penal de 2004, *supra*, constituye parte de la sentencia, nos corresponde resolver la controversia medular en el caso de autos. Esta consiste en si procede una petición de modificación de la pena especial como una reconsideración de la sentencia en virtud de la Regla 194 de las de Procedimiento Criminal. Veamos.

Durante la vigencia de las Reglas de Procedimiento Criminal, se ha utilizado la reducción o corrección de la sentencia por "fundamentos de justa causa y en bien de la justicia" a través del vehículo de la reconsideración. A través de los procedimientos de este Tribunal, hemos

avalado de forma implícita el proceder que conjuga los medios procesales según provistos en nuestras Reglas de Procedimiento Criminal.[24]

Sostenemos pues, que una petición de modificación de la pena impuesta legalmente es, en esencia, una solicitud de reconsideración de la sentencia. En ese contexto, la naturaleza de esta solicitud es una apelación a la clemencia del foro juzgador para que vuelva a considerar, según su criterio, lo que ya dispuso. Por lo tanto, la solicitud de modificación de la pena especial es de por sí una reconsideración.

De este modo, concluimos que el presentar la solicitud de modificación de la pena especial dentro de los términos dispuestos en la Regla 194 -ya sea para corregirla porque tiene defectos de forma, es ilegal, o se solicita su rebaja por causa justificada y en bien de la justicia- tendrá el ineludible efecto de interrumpir el término para radicar el escrito de apelación o de *certiorari*.

Por consiguiente, en lo que se refiere a la solicitud de reducción de la sentencia por razones en bien de la

---

[24] En Pueblo v. Cubero Colón, 116 D.P.R. 682, 684 (1985),interpretando la Regla 185 expresamos que "[b]ajo los fundamentos de justa causa y en bien de la justicia, no vemos razón alguna por la cual -si un tribunal conserva u obtiene jurisdicción- **en virtud de una solicitud de reconsideración** dentro de los noventa (90) días, como la hecha en este caso, no puede alterar el modo en que habrá de cumplirse." (Énfasis nuestro.) También en Pueblo v. Camacho Pérez, 102 D.P.R. 129, 132 (1974), señalamos que "[r]econsiderada una sentencia en un procedimiento criminal, el juez sentenciador puede dejarla igual o modificarla. Igualmente, en Pueblo v. Sánchez Delgado, 99 D.P.R. 260 (1970), indicamos que un juez sentenciador tiene autoridad para **reconsiderar una sentencia** dictada en un caso criminal e imponer una pena mayor cuando el acusado está todavía bajo custodia judicial.

justicia, transcurrido el término de quince días de dictada la sentencia, el convicto tiene la oportunidad de solicitar la modificación de la sentencia legal según los términos provistos en la Regla 185(a). Ello, claro está, no tendrá el efecto de interrumpir los términos para ir en apelación, pues la solicitud fue presentada fuera del término improrrogable que establece la Regla 194 para presentar una moción de reconsideración.

Razonamos pues, que el vehículo procesal para solicitar la modificación de una sentencia puede ser la reconsideración al amparo de la Regla 194. Entendemos que al adjudicar las controversias debemos interpretar las leyes que entran en juego de forma integral, armonizándolas y sopesando sus disposiciones para lograr el resultado más lógico y razonable posible. Pueblo v. Cortés Rivera, 142 D.P.R. 305, 317 (1997).[25]

---

[25] A estos efectos, es prudente señalar que el Primer Circuito determinó que una moción para "corregir la sentencia" en la que se imputaba que la corte de distrito había cometido errores aritméticos al imponer la sentencia, tiene el efecto de interrumpir los términos para ir en apelación. Así, identificó dicha moción como una al amparo de la entonces vigente Regla 35. Específicamente dicho foro expresó que:

> It stands to reason that, if a sentence is infected by clear error, a timely motion seeking to correct it—at least a motion which, like this one, seeks to shrink the incarcerative portion of the sentence and, thus, carries the potential to affect substantive rights—fits the *Healy* mold. Forcing a party to press ahead with an appeal while such a motion is pending would countervail the principles of efficacy and judicial economy that undergird *Healy*. Consequently, we hold that when, as now, a party to a criminal case files a timely motion under Fed.R.Crim.P. 35(c), asking the sentencing court to reconsider an issue in the case in a way that will, if successful, bring about an alteration of the defendant's substantive rights, then the filing of that motion renders the judgment non final for purposes of appeal. (Citas internas omitidas.) United States v. Morillo, 8 F.3d 864, 868-69 (1993) (1st Cir. 1993)

Concebimos que estas disposiciones no están en contradicción. Ello, pues es clara la intención del legislador de extender la solicitud de reconsideración de la sentencia tanto a la pena -que es lo que correctamente constituye una sentencia- como al fallo condenatorio. El hecho de que bajo la Regla 185 exista la posibilidad de solicitar la reducción de una sentencia legalmente impuesta por razones justicieras, no excluye que el vehículo procesal para así solicitarlo pueda ser la reconsideración, pues la naturaleza de **la petición de modificación es en sí un llamado a volver a considerar**, tomando en cuenta el estado de derecho y la doctrina jurisprudencial que hemos esbozado.

En este caso, la parte peticionaria presentó una moción titulada "Solicitud para que se modifique la imposición de pena especial bajo el artículo 67 del Código Penal" tres días después de que se dictara sentencia condenándola a cumplir dieciocho años en probatoria y el pago de Pena Especial. Al examinar el contenido de la moción, se desprende la clara intención de la defensa de solicitar la rebaja de la pena especial para que no excediera de $300. En consecuencia, concluimos que esta petición de modificación de la pena constituye una solicitud de reconsideración de la sentencia dictada por el foro primario.

Al haberse presentado dentro de los quince días que dispone la Regla 194, es forzoso concluir también que la

solicitud de modificación de la pena interrumpió el término para ir en apelación ante el foro apelativo intermedio. Resolvemos que erró el foro *a quo* al no interpretar que la solicitud de modificación de pena especial es, para todos los efectos, una solicitud de modificación de la sentencia impuesta y, por lo tanto, una petición de reconsideración.

IV

Por los fundamentos que anteceden, expedimos el auto de *certiorari* solicitado y confirmamos la sentencia emitida por el Tribunal de Apelaciones, aunque por un fundamento distinto. Procedía desestimar la apelación presentada allí, por prematura. En consecuencia, el Tribunal de Primera Instancia retiene jurisdicción para resolver la solicitud de reconsideración de la pena especial presentada por la convicta Silva Colón de conformidad con lo aquí pautado.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico
    Recurrido

      v.

Helen Silva Colón
    Peticionaria

Certiorari

CC-2010-0098

SENTENCIA

San Juan, Puerto Rico, a 29 de febrero de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, expedimos el auto de *certiorari* y confirmamos la sentencia emitida por el Tribunal de Apelaciones, aunque por fundamentos distintos. Por consiguiente, devolvemos los autos al Tribunal de Primera Instancia para la continuación de los procedimientos según lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con la decisión por entender que con este proceder se suple el vacío legislativo referente al aspecto interruptor de una moción de modificación de sentencia de la Regla 185 de las Reglas de Procedimiento Criminal. El Juez Asociado señor Kolthoff Caraballo no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo