ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br><br>v.<br><br><br><br>ARTURO DOMÍNGUEZ BONILLA<br><br>Parte Apelante | TA2025AP00501 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br><br>Caso Núm.: J2CR202300069<br><br><br>Sobre: Art. 136 C.P. (Exposiciones Obscenas) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Compareció ante este Tribunal la parte apelante, el Sr. Arturo Domínguez Bonilla (en adelante, el "señor Domínguez Bonilla" o "Apelante"), mediante recurso de apelación presentado el 31 de octubre de 2025. Nos solicitó la revocación de la *Segunda Sentencia Condenatoria Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (en adelante, el "TPI"), el 22 de agosto de 2025, notificada y archivada en autos el 2 de septiembre de 2025. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" la cual fue declarada "No Ha Lugar" el 8 de octubre de 2025.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Segunda Sentencia Condenatoria Enmendada*.

**I.**

El caso de epígrafe se originó el 9 de noviembre de 2022, con la radicación de una "**Denuncia**" por parte del Ministerio Público en contra del señor Domínguez Bonilla por infringir el Artículo 136 de la Ley Núm. 146-2012, según enmendada, mejor conocida como el "Código Penal de Puerto

Rico de 2012" que tipifica el delito de exposiciones obscenas. 33 LPRA sec. 5197. En detalle, se le imputó la comisión de los siguientes hechos:

> El (La) referido(a) acusado(o), Arturo Dom[í]nguez Bonilla de 64 años de edad, allá en o para el día 29 de agosto de 2023 y en la Plaza Juana Díaz frente a TJMaxx en Juana Díaz, que forma parte de la jurisdicción del Tribunal de Primera Instancia, ilegal, voluntaria, maliciosa y criminalmente, informa la querellante que mientras el Sr. Arturo Dom[í]nguez Bonilla conducía con la mano izquierda el vehículo Toyota, Corolla, color rojo, año 2005, con la tablilla GCM-225, por frente de la Tienda TJMaxx con la mano derecha se estaba masturbando con su pene expuesto. Por lo que al ésta percatarse se sintió ofendida.[1]

Así las cosas, y tras la celebración del juicio en su fondo, el 20 de diciembre de 2023, el Tribunal halló culpable al Apelante por violar el Artículo 136 del Código Penal, *supra*, y lo condenó a una pena de seis (6) meses de cárcel. Es menester destacar que en dicho dictamen el foro apelado expuso que el delito por el que estaba condenando al señor Domínguez Bonilla era por el de exposiciones deshonestas. Luego de cumplir dicha pena condenatoria, el 21 de junio de 2024, el señor Domínguez Bonilla fue inscrito en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores (en adelante, el "Registro"), conforme lo requiere la Ley Núm. 266-2004, según enmendada, mejor conocida como la "Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores", 33 LPRA sec. 5001 *et seq*. En reacción a ello, el 26 de junio de 2024, el señor Domínguez Bonilla solicitó que se dejara sin efecto dicha inscripción. El 26 de agosto de 2024, el foro de instancia emitió una *Resolución y Orden* en la cual le requirió al Negociado de la Policía de Puerto Rico (en adelante, el "Negociado") a eliminar el nombre del Apelante y cualquier otra información relacionada con éste del referido Registro.

El 1 de agosto de 2025, el Ministerio Público presentó una "**Moción Urgente en Solicitud de Corrección de Sentencia Condenatoria**" mediante la cual peticionó la corrección del delito establecido en la *Sentencia* y la inscripción del señor Domínguez Bonilla en el Registro. En respuesta a dicha petición, el 22 de agosto de 2025, el TPI dictó una

---

[1] *Véase*, Apéndice de SUMAC-TA, entrada núm. 1.

*Segunda Sentencia Condenatoria Enmendada* a través de la cual corrigió el nombre del delito por el cual el Apelante fue convicto, esto es, de "exposiciones deshonestas" a "exposiciones obscenas". Además, ordenó nuevamente la inscripción del señor Domínguez Bonilla al Registro. El 3 de septiembre de 2025, el Apelante presentó una "**Moción de Reconsideración**" la cual fue declarada "No Ha Lugar" el 8 de octubre de 2025.

Inconforme con lo anteriormente resuelto, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> Erró el Tribunal de Primera Instancia en enmendar una sentencia **con el fin de ordenar nuevamente al acusado ser inscrito en el Registro de Personas Convictas por delitos sexuales**, luego de haber dejado sin efecto la Inscripción en dicho Registro **hace más de un año, violando el debido proceso de ley contra nuestro representado**, ya que la Resolución y orden emitida el 26 de agosto de 2024 advino **final, firme e inapelable**.[2]

El 25 de noviembre de 2025, la Oficina del Procurador General presentó "**Alegato de El Pueblo de Puerto Rico**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

La Ley Núm. 266-2004, según enmendada, mejor conocida como la "Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores", 4 LPRA sec. 536 *et seq.* (en adelante, "Ley Núm. 266"), fue promulgada con el fin ulterior de proteger a la comunidad contra actos constitutivos de abuso sexual y abuso contra menores. De igual manera, busca mantener informadas a todas las personas o entidades que lo soliciten, sobre el paradero de aquellas personas que han sido convictas de dichos delitos. Conforme a dicha pieza legislativa, quedarían registradas:

> Las personas que hayan sido o sean convictas por delitos similares, o sus tentativas o conspiraciones, a los enumerados en la sec. 536 de este título [Artículo 2] por un tribunal federal, estatal, de tribus indígenas reconocidas por el gobierno federal, extranjero o militar, y se les haya garantizado el

---

[2] Énfasis en el original.

debido proceso de ley en el país que fueron convictos, que se trasladen a Puerto Rico para establecer su residencia, o que por razón de trabajo o estudio se encuentren en Puerto Rico, aunque su intención no sea la de establecer domicilio en el País. 4 LPRA sec. 536a(c).

Cabe destacar que de la Exposición de Motivos de la Ley Núm. 266, *supra*, claramente se desprende que el propósito de la política pública establecida mediante este estatuto no tenía un propósito punitivo, sino el de garantizar la seguridad, protección y bienestar general de la población más vulnerable de la sociedad. Posteriormente, mediante la aprobación de la Ley Núm. 243-2011 (en adelante, "Ley Núm. 243-2011"), la Ley Núm. 266 se enmendó para atemperar la ley local a la ley federal "Adam Walsh Child Protection and Safety Act of 2006", también conocida como el "Sex Offender Registration and Notification Act" (SORNA, por sus siglas en inglés). En la Exposición de Motivos de tal enmienda, se reiteró que el propósito del Registro no es uno punitivo, sino el garantizar la seguridad de la ciudadanía.

Mediante las enmiendas introducidas por la Ley Núm. 243-2011, *supra*, la cual entró en vigor el 14 de diciembre de 2011, se incluyó en la Ley Núm. 266, *supra*, una clasificación de ofensores sexuales en tres (3) categorías: Ofensor Sexual Tipo I, Tipo II y Tipo III. En lo que nos concierne, el Artículo 2 (8) de la Ley Núm. 266, *supra*, establece que un Ofensor Sexual Tipo I se define como una persona que ha cometido los siguientes delitos, o su tentativa o conspiración:

(a) Restricción de la libertad, cuando la víctima fuere menor de dieciocho (18) años, según comprendido en la sec. 4796(e) del Título 33.

(b) Restricción de libertad agravada, cuando la víctima fuere menor de dieciséis (16) años, según comprendido en el Artículo 131 (e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada.

(c) Delito de maltrato a menores, según establecido en los Artículos 75 y 76 de la Ley 177-2003, cuando se incurre en conducta constitutiva de abuso sexual.

(d) Maltrato agravado conyugal, cuando se cometiere y simultáneamente se incurriere en conducta constitutiva de abuso sexual, en maltrato de un menor, según definido en la Ley 177-2003, según enmendada, según comprendido en la sec. 632(g) del Título 8.

(e) Envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno; Espectáculos obscenos; Exposiciones deshonestas cuando el acto tuviere lugar en presencia de una persona menor de 16

años, según establecido en los Artículos 106, 113 y 114 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y en las secs. 4783 y 4784 del Título 33.

(f) **Exposiciones obscenas; Proposición obscena, según tipificados en las secs. 4775 y 4776 del Título 33.**

(g) Cualquier delito antecedente o sucesor de los mencionados en las cláusulas (a), (b), (c) (d), (e) o (f). 4 LPRA sec. 536 (8) (énfasis suplido).

En consonancia con lo anterior, el Artículo 5 de la Ley Núm. 266 dispone que los Ofensores Sexuales Tipo I deberán mantenerse inscritos en el Registro durante quince (15) años. 4 LPRA sec. 536c. Igualmente, dispone que, en el caso de este tipo de ofensores, su información puede ser eliminada previo a que transcurra el referido término si mantienen un récord negativo de antecedentes penales por un término de diez (10) años. Íd. Sin embargo, es menester destacar que dichas eliminaciones no serán automáticas, ya que deben ser autorizadas por el Tribunal correspondiente. Íd.

En lo concerniente a la controversia de autos, el Artículo 4 del referido estatuto establece que le corresponde al Tribunal con jurisdicción durante el acto de lectura de sentencia o cuando determine someter a la persona a libertad, sentencia suspendida, programa de desvío, tratamiento o rehabilitación, ordenar al Ministerio Público a que notifique al Sistema de Información de Justicia Criminal (en adelante, el "Sistema") toda la información pertinente del ofensor sexual. 4 LPRA sec. 536b. Si el Ministerio Público no recibe dicha orden por parte del Tribunal, puede notificar al Sistema sin haber recibido tal directriz. Íd. Además, es menester destacar que **la falta de orden al Ministerio Público por parte del Tribunal o la falta de notificación por parte del Ministerio Público al Sistema, no releva al ofensor de su obligación de registrarse conforme dispone la ley**. Íd.

**Específicamente, el ofensor tiene el deber de notificar su información a la Comandancia de la Policía de la región donde reside dentro de un término de tres (3) días laborables después de ser liberado**. 4 LPRA sec. 536c. A su vez, dicha Comandancia tiene el deber de proveer la misma a las otras Comandancias de la Policía, donde el

ofensor sexual esté obligado a registrarse y deberá asegurarse de que la referida información se registre en el mencionado Sistema. Íd.

**B.**

La Regla 185 de las de Procedimiento Criminal dispone las circunstancias en las que el tribunal sentenciador puede corregir o modificar una sentencia previamente dictada, a saber:

(a) **Sentencia ilegal; redacción de la sentencia**. — El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari*.

(b) **Errores de forma**. —Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.

(c) **Modificación de sentencia**. — El Tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico. 34 LPRA Ap. II, R. 185.

Como puede observarse, el proceso provisto por esta disposición constituye el mecanismo adecuado para corregir o enmendar la pena impuesta cuando la sentencia es ilegal, contiene errores de forma, se ha impuesto un castigo diferente al previamente establecido, o cuando por razones justicieras amerita que se reduzca la pena impuesta. Pueblo v. Silva Colón, 184 DPR 759, 774 (2012). Una sentencia ilegal es aquella que un tribunal emite sin jurisdicción o autoridad, en abierta contravención al derecho vigente. Íd. Por su parte, cuando la sentencia dictada sea lícita, en bien de la justicia y por causa justificada, el Tribunal posee la facultad de reducirla dentro del término de noventa (90) días. Por último, es menester subrayar que la referida Regla no puede ser utilizada para variar o dejar sin

efecto los fallos condenatorios. Pueblo v. Valdés Sánchez, 140 DPR 490, 494 (1996).

**C.**

Es norma reiterada en nuestro acervo jurídico que "los derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso". MGMT. Adm. Servs. Corp. v. E.L.A., 152 DPR 599, 606 (2000) (citando a *In re*: Tormos Blandino, 135 DPR 573 (1994)).

Esta doctrina, más que constituir un mandato inflexible, recoge la costumbre deseable de respetar como finales aquellas controversias sometidas, litigadas y decididas por un tribunal dentro de un caso. Sociedad Legal de Gananciales v. Pauneto*,* 130 DPR 749, 754 (1992). Ello aplica tanto a las controversias adjudicadas por tribunales de primera instancia como por tribunales apelativos. Berkan *et al.* v. Mead Johnson Nutrition, 204 DPR 183, 201 (2020). Es decir, los tribunales buscan evitar reexaminar asuntos que hayan sido considerados por cualquiera de los foros dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho. Íd., págs. 200-201.

No obstante, esta doctrina procede, solamente, cuando exista una decisión final de la controversia en sus méritos. Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 10 (2016). Por consiguiente, las controversias previamente dirimidas y adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. Íd., pág. 9. Es decir, dichos asuntos no pueden reevaluarse, pasado el periodo provisto para la reconsideración y para la revisión, **a menos que las determinaciones previas sean erróneas o puedan causar una grave injusticia**. *In re* Fernández Díaz, 172 DPR 38, 43-44 (2007).

El Tribunal Supremo ha dicho que los Tribunales de Primera Instancia "deben realizar el esfuerzo máximo posible por evitar la emisión de dictámenes contradictorios e inconsistentes". Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755 (1992). Así, se garantiza un trámite ordenado de los litigios, y la estabilidad y la certeza de los derechos y obligaciones de las partes. En resumen, las órdenes y resoluciones emitidas por un tribunal,

mediante las cuales resuelve en los méritos el asunto traído a su atención, se consideran finales y firmes, convirtiéndolos en la ley del caso, una vez haya transcurrido el periodo provisto para la reconsideración y para la revisión por un tribunal de mayor jerarquía, sin que éstas sean modificadas o revocadas. **Por último, resulta importante destacar que la doctrina de la ley del caso también aplica a los procedimientos criminales y bajo los mismos parámetros que en los casos civiles, excepto cuando su extensión resulte en una grave injusticia**. Pueblo v. Lebrón Lebrón, 121 DPR 154, 159 (1988).

**III.**

En el presente caso, el señor Domínguez Bonilla nos solicita la revocación de la *Segunda Sentencia Condenatoria Enmendada* mediante la cual el Tribunal ordenó su inscripción en el Registro y cambió el delito por el que éste fue condenado al de "exposiciones obscenas".

Como único señalamiento de error esgrimido, el Apelante sostiene que el TPI erró al enmendar la *Sentencia Condenatoria*, luego de haber dejado sin efecto la inscripción en el Registro hacía más de un año, en clara contravención a su derecho a un debido proceso de ley.

Del expediente ante nuestra consideración se desprende que, el 20 de diciembre de 2023, el foro de instancia halló culpable al señor Domínguez Bonilla por violar el Artículo 136 del Código Penal, *supra*, y lo condenó a una pena de seis (6) meses de prisión. En detalle, indicó que el Apelante cometió el delito de "exposiciones deshonestas", en lugar del de "exposiciones obscenas". El 21 de junio de 2024, este último fue inscrito en el Registro, tal como lo requiere la Ley Núm. 266-2004, *supra*. Varios días después, el Apelante solicitó ser eliminado de dicha base de datos. En consecuencia, el 26 de agosto de 2024, el TPI emitió una *Resolución y Orden* en la que dejó sin efecto la inscripción del señor Domínguez Bonilla y ordenó al Negociado de la Policía a proceder con la eliminación de su nombre, así como cualquier otra información relacionada con éste del referido Registro.

Luego de casi un (1) año de dicha determinación, el Ministerio Público presentó una "**Moción Urgente en Solicitud de Corrección de Sentencia Condenatoria**" mediante la cual peticionó que el delito tipificado en la *Sentencia Condenatoria* fuera corregido y que el señor Domínguez Bonilla fuera inscrito nuevamente en el Registro. Finalmente, el 22 de agosto de 2025, el TPI emitió *Segunda Sentencia Condenatoria Enmendada* mediante la cual corrigió la denominación del delito por el cual el Apelante fue convicto y dispuso nuevamente la inscripción del Apelante en el Registro.

Por su parte, en su oposición, la Oficina del Procurador General se allanó a la petición del Apelante y expuso que en un ejercicio de honestidad intelectual el TPI carecía de jurisdicción para variar la determinación notificada el 26 de agosto de 2024. Sostuvo, además, que ello atentaba contra el principio que rige en nuestro ordenamiento sobre la certeza de la finalidad de los procedimientos judiciales.

Conforme adelantáramos en los acápites anteriores, la Ley Núm. 266-2004, *supra*, establece que las personas que han cometido el delito de exposiciones obscenas deben ser incluidas en el Registro, de manera que la comunidad conozca sobre su paradero. Ello, por ser catalogados como ofensores sexuales de Tipo I y deberán permanecer en dicha base de datos por el término de quince (15) años. 4 LPRA sec. 536c.

Respecto a los deberes ante el Registro, el Artículo 4 de dicha pieza legislativa dispone que el Tribunal con jurisdicción debe ordenar al Ministerio Público a que notifique al Sistema toda la información relevante del ofensor sexual. 4 LPRA sec. 536b. Si el Tribunal no emite dicha orden, el Ministerio Público debe, por su propia cuenta, notificar al Sistema. Íd. No obstante lo anterior, aunque ninguna de estas opciones se realice, **el ofensor sexual mantiene su obligación de registrarse dentro del término de tres (3) días laborables después de ser liberado y mantener su información actualizada en la Comandancia de la Policía**. 4 LPRA sec. 536c.

Por otro lado, la Regla 185 de Procedimiento Criminal, *supra,* faculta al tribunal sentenciador a corregir o modificar, en cualquier momento, una

sentencia previamente emitida, pero únicamente por las siguientes causas: (1) por haberse dictado ilegalmente, (2) por incurrir en errores de forma o (3) cuando el convicto coopere en una investigación o procesamiento criminal. Por su parte, la doctrina de la ley del caso implica que las controversias dirimidas y adjudicadas por el foro de instancia no pueden reexaminarse, excepto que las determinaciones previas sean erróneas o puedan causar una grave injusticia. *In re* Fernández Díaz, *supra*, págs. 43-44.

Tras un análisis ponderado y comprensivo del expediente ante nuestra consideración, incluyendo la "**Denuncia**", la *Sentencia Condenatoria*, la *Resolución y Orden* y la *Segunda Sentencia Condenatoria Enmendada* hemos arribado a la conclusión de que el TPI no erró al ordenarle al señor Domínguez Bonilla a inscribirse en el Registro. Nos explicamos.

De entrada, resulta imperativo destacar que la corrección del nombre del delito de "exposiciones deshonestas" a "exposiciones obscenas" constituye un error de forma. Por tanto, en lo relativo a dicha modificación, el foro de instancia actuó conforme lo autoriza la Regla Núm. 185 de Procedimiento Criminal, *supra*. Habiendo aclarado lo anterior, corresponde examinar la otra modificación contenida en la *Segunda Sentencia Condenatoria Enmendada*.

En el caso de autos, el 20 de diciembre de 2023, el TPI condenó al Apelante a una pena de seis (6) meses de reclusión por infracción al Artículo 136 del Código Penal, *supra*. Extinguida la referida pena, el señor Domínguez Bonilla fue inscrito en el Registro, conforme lo requiere la Ley Núm. 266-2004, *supra.* No obstante lo anterior, el 26 de agosto de 2024, el foro de instancia dejó sin efecto la inscripción del señor Domínguez Bonilla y ordenó al Negociado la eliminación de la información del Apelante del mencionado Registro. A petición del Ministerio Público, el 22 de agosto de 2025, el TPI ordenó nuevamente la inscripción del Apelante en el Registro.

Un examen de la Ley Núm. 266-2004, *supra*, dispone de forma clara e inequívoca que todos los ofensores sexuales deben ser incluidos en dicho Registro. Igualmente, somos conscientes de que la *Resolución y Orden* emitida el 26 de agosto de 2024 dejó sin efecto la inscripción del Apelante y advino final y firme. Por consiguiente, se podría argumentar que dicha determinación constituye la ley del caso. **Sin embargo, conforme hemos adelantado, es norma reiterada de que dicha doctrina es aplicable en toda su extensión a casos criminales y bajo los mismos parámetros que en los pleitos civiles. Así pues, se ha resuelto consistentemente que dichos asuntos no pueden reevaluarse, pasado el periodo provisto para la reconsideración y para la revisión, <u>a menos que las determinaciones previas sean erróneas o puedan causar una grave injusticia</u>**. <u>*In re* Fernández Díaz</u>, *supra*, págs. 43-44.

Por tanto, aun cuando dicho dictamen reviste el carácter de final y firme y, por ende, ordinariamente no puede ser objeto de ulterior consideración, la Ley Núm. 266-2004, *supra*, establece expresamente la obligación de todo ofensor sexual de registrarse y mantener actualizada su información en la Comandancia de la Policía correspondiente a su lugar de residencia. 4 LPRA sec. 536c. Lo anterior implica que la obligación de registrarse surge directamente de la precitada ley, sin ambages.

En vista de lo anterior, somos del criterio de que, independientemente de lo resuelto por el foro de instancia, la Ley Núm. 266-2004, *supra*, claramente dispone que el señor Domínguez Bonilla tiene el deber ineludible de inscribirse en el Registro conforme lo dispone la legislación aplicable. Es, pues, evidente que la *Resolución y Orden* emitida por el foro apelado fue contraria al estado de derecho vigente en nuestra jurisdicción y, por tanto, no podía mantenerse como la ley del presente caso.

Por consiguiente, concluimos que el TPI no violentó la ley del caso de autos, pues la misma era evidentemente errónea y procedía su corrección. El foro de instancia no se equivocó al ordenar al señor Domínguez Bonilla a comparecer para ser inscrito en el Registro de

Personas Convictas por Delitos Sexuales y Abuso contra Menores, de conformidad con la Ley Núm. 266-2004, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* la *Segunda Sentencia Condenatoria Enmendada* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones