ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**ALEXIS MANUEL ROMAN ALAMO**<br><br>Peticionario | TA2025CE00843 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Criminal Núm.: **NSCR202400301 al 306**<br><br>Sobre:<br>Art. 6.08<br>Posesión de Armas |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece ante nos el señor Alexis Manuel Román Álamo (Sr. Román Álamo o peticionario) mediante un recurso de *certiorari* y nos solicita que revoquemos una *Resolución* emitida el 27 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar una *Moción de modificación de sentencia* presentada por el Sr. Román Álamo.[2]

Por los fundamentos que expondremos a continuación, denegamos la expedición del antedicho auto de *certiorari*.

## I.

El presente caso tiene su génesis el 6 de diciembre de 2023 cuando el Ministerio Público presentó seis (6) denuncias contra el

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones, Entrada Núm. 1, Anejo 2. Notificada y archivada en autos el 28 de octubre de 2025.
[2] *Íd.*, Anejo 15.

Sr. Román Álamo por infringir los Artículos 6.14(b) (4 cargos) y el 6.09 de la *"Ley de Armas de Puerto Rico de 2020"*, Ley Núm. 168 del 11 de diciembre de 2019 (Ley de Armas), según enmendada, 25 LPRA secs. 466m y 466h; al igual que el Artículo 404(a) de la *"Ley de Sustancias Controladas de Puerto Rico"*, Ley Núm. 4 del 23 de junio de 1971, según enmendada, 25 LPRA sec. 2404.[3] Específicamente, le imputó de haber apuntado al sargento Rafael Clausells Delgado, a la agente Jeanette Morales Santana, al agente Enrique Leguillú García y al agente Jesús Sánchez Zavala con un rifle el 5 de diciembre de 2023 en Río Grande, Puerto Rico, sin contar con una licencia de armas. Además, denunció al Sr. Román Álamo de poseer la sustancia controlada marihuana careciendo de la autorización en ley para ello.

El 3 de junio de 2024, el TPI celebró la Vista Preliminar en la que determinó la existencia de causa probable para creer que el Sr. Román Álamo cometió los delitos antedichos.[4]

En esa misma línea, el Ministerio Público radicó las respectivas acusaciones contra el Sr. Román Álamo.[5]

Luego de múltiples trámites procesales y después de aceptar la alegación de culpabilidad del Sr. Román Álamo,[6] el foro primario lo declaró culpable y convicto por los delitos de epígrafe el 25 de agosto de 2025.[7] En su consecuencia, el foro *a quo* condenó al Sr. Román Álamo a seis (6) penas de reclusión a cumplirse consecutivamente; específicamente, un (1) año por cada uno de los cuatro cargos impuestos al amparo del Artículo 6.14(b) de la Ley de Armas, *supra,* reclasificado al Artículo 6.08 de la Ley de Armas,

---

[3] *Íd.*, Anejo 1.
[4] *Íd.*, Anejo 5.
[5] *Íd.*, Anejo 6.
[6] *Véase*, *Sentencia* dictada el 9 de octubre de 2025 por un Panel Hermano de esta Curia bajo el alfanumérico TA2025CE00332. Por medio de dicha determinación, se dio por desistido el recurso de *certiorari* presentado por el Sr. Román Álamo con relación a la admisibilidad de un testigo perito.
[7] SUMAC del Tribunal de Apelaciones, Entrada Núm. 1, Anejo 14. Notificada y archivada el 18 de septiembre de 2025.

*supra*, sec. 466g, con relación a la pena; un (1) año por el Artículo 6.09 de la Ley de Armas, *supra*, reclasificado al Artículo 6.08 de la Ley de Armas, *supra*, respecto a la pena; y dos (2) años por el Artículo 404(a) de la Ley de Sustancias Controladas, *supra*.

Inconforme, el Sr. Román Álamo presentó una *Modificación de sentencia* el 27 de octubre de 2025.[8] Por medio de esta suplicó, al amparo de la *Ley de Sentencia Suspendida en Causas de Delitos Graves y en Ciertos Delitos Menos Graves para Menores de 21 años*, Ley Núm. 103 del 29 de junio de 1955 (Ley Núm. 103-1955), según enmendada, 34 LPRA secs. 1042 *et seq.*, la modificación de la pena de reclusión impuesta por una sentencia suspendida con las condiciones que estimara apropiadas para asegurar su rehabilitación y/o el señalamiento de una vista para considerar su solicitud.

Sin embargo, el 27 de octubre de 2025, el foro primario denegó la petición del Sr. Román Álamo para modificar la *Sentencia* emitida el 25 de agosto de 2025.[9]

Inconforme, el Sr. Román Álamo presentó ante nos un recurso de *certiorari* el 1 de diciembre de 2025 en el que señaló al TPI por la comisión del siguiente error:

> **ERRÓ EL HONORABLE TPI AL DENEGAR LA MOCIÓN DE MODIFICACIÓN DE SENTENCIA SEGÚN LA REGLA 185 DE PROCEDIMIENTO CRIMINAL A FINES DE CONSIDERAR LA APLICACIÓN DE LA LEY DE SENTENCIA EN CASOS DE DELITOS GRAVES Y DELITOS MENOS GRAVES PARA MENORES DE 21 AÑOS, LEY 103 DE 29 DE JUNIO DE 1955, 34 L.P.R.A. SEC. 1042, EN LA IMPOSICIÓN DE LA SENTENCIA.**

Por su parte, El Pueblo de Puerto Rico (El Pueblo o parte recurrida) radicó un *Escrito en cumplimiento de orden* el 19 de diciembre de 2025. Sostuvo que los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re*

---

[8] *Íd.*, Anejo 15.
[9] *Íd.*, Anejo 16. Notificada y archivada en autos el 28 de octubre de 2025.

*Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), inclinaban la balanza a favor de denegar la expedición del auto de *certiorari*. En la alternativa, adujo que procedía la confirmación del dictamen recurrido, pues el foro primario carecía de discreción para conceder un beneficio expresamente prohibido por ley. Particularmente, planteó que el Sr. Román Álamo cometió tres delitos graves expuestos en la *Ley de Armas, supra*, que la Asamblea Legislativa decidió excluir de la gracia de una sentencia suspendida, al amparo de la Ley Núm. 103-1955, *supra*.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009). La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (bastardillas en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, [la] *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *IG Builders v. BBVAPR, supra*, pág. 338 (*citando a Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (bastardillas en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*.

*BPPR v. SLG Gómez-López,* 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra,* págs. 96-97.

**B.**

Por medio del inciso (a) de la Regla 185 de Procedimiento Criminal, *supra,* R. 185(a), por justa causa y en bien de la justicia, se puede reducir una sentencia legal si se presenta una solicitud "dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los

sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari*". Regla 185(a) de Procedimiento Criminal, *supra*. Específicamente, "cuando los términos de la sentencia exceden los límites establecidos por la ley penal o establece un castigo distinto al que ha sido impuesto, el tribunal a través de este mecanismo puede modificar la pena impuesta ya que la Regla 185, *supra*, trata de las correcciones de sentencias y de sus reducciones, no de variar o dejar sin efecto los fallos". *Pueblo v. Valdés Sánchez*, 140 DPR 490, 494 (1996). Una vez transcurren los términos dispuestos en dicha regla y expiran los plazos para radicar la solicitud de reconsideración, apelación, *certiorari* o relevo de sentencia, la sentencia emitida válidamente advendrá final y firme. *Pueblo v. Silva Colón*, 184 DPR 759, 775 (2012).

## C.

En lo pertinente, el Artículo 6.14(b) de la Ley de Armas, *supra*, tipifica como delito grave el apuntar o disparar un arma de fuego. Esta disposición expone que:

> Incurrirá en delito grave con pena de reclusión por un término fijo de cinco (5) años, toda persona que, salvo en casos de legítima defensa, propia o de terceros, o de actuaciones en el legítimo desempeño de funciones oficiales o actividades legítimas de deportes:
> **(a)** voluntariamente dispare cualquier arma de fuego fuera de los lugares autorizados por esta Ley, aunque no le cause daño a persona alguna; o
> **(b)** intencionalmente apunte hacia alguna persona con un arma de fuego, aunque no le cause daño a persona alguna.
>
> . . . .

Asimismo, el Artículo 6.09 de la Ley de Armas, *supra*, tipifica como delito la portación, posesión o uso ilegal de armas largas semiautomáticas, automáticas o escopeta de cañón cortado. De acuerdo con este artículo:

Toda persona que porte, posea o use sin autorización de esta Ley un arma larga semiautomática, una ametralladora, carabina, rifle, así como cualquier modificación de estas o cualquiera otra arma que pueda ser disparada automáticamente o escopeta de cañón cortado a menos de dieciocho (18) pulgadas, y que pueda causar grave daño corporal, o cualquier pieza o artefacto que convierte en arma automática cualquier arma de fuego, <u>incurrirá en delito grave</u>, y convicta que fuere será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años, <u>sin derecho a sentencia suspendida</u>, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o a cualquier alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta y seis (36) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dieciocho (18) años.

. . . .

(Énfasis suplido).

Ahora bien, aquella persona que sin licencia de armas tenga o posea un arma de fuego, incurrirá en delito grave y será sancionada con una pena de reclusión por un término fijo de cinco (5) años, al menos que medien circunstancias atenuantes, por lo que podrá ser reducida hasta un mínimo de un (1) año. Artículo 6.08 de la Ley de Armas, *supra*.

**D.**

De igual modo, la Ley Núm. 103-1955, *supra*, autoriza al TPI conceder, conforme a su discreción, sentencias suspendidas en aquellos casos de delito grave y menos grave si la persona convicta fuere menor de veintiún (21) años de edad a la fecha de la comisión del delito, "excepto asesinato en primer grado, cuando se utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa, o por infracción a lo dispuesto en el Artículo 411(A) de la Ley de sustancias controladas de Puerto Rico, y en todo caso de delito menos grave que surja de hechos envueltos en el delito mayor que no fuere de los excluidos de los beneficios de esta

sección". Sección 2 de la Ley Núm. 103-1955, *supra,* sec. 1042. (Énfasis suplido).

### III.

En el caso de marras, el Sr. Román Álamo expuso que el TPI incidió al denegarle la solicitud de modificación de sentencia, a los fines de considerar una sentencia suspendida en lugar de la pena de reclusión impuesta, conforme a la Regla 185 de Procedimiento Criminal, *supra,* y la Ley Núm. 103-1955, *supra,* respectivamente.

Según el expediente, por medio de la *Sentencia* emitida el 25 de agosto de 2025, y luego de la alegación de culpabilidad, el foro primario expuso "escuchada la alegación de culpabilidad del acusado en Corte Abierta, y no existiendo impedimento alguno, <u>falla declarándole culpable y convicto de los delitos en epígrafe</u>";[10] es decir, de los delitos tipificados en los Artículo 6.14(b) (<u>disparar o apuntar armas de fuego-delito grave</u>) (4 cargos) y 6.09 de la Ley de Armas, *supra,* (portación, posesión o uso ilegal de armas largas semiautomáticas, automáticas o escopeta de cañón cortado-delito grave), al igual que en el Artículo 404(a) de la Ley de Sustancias Controladas, *supra.* En su consecuencia, condenó al Sr. Román Álamo a seis (6) penas de reclusión a cumplirse consecutivamente, al amparo del Artículo 6.08 de la Ley de Armas, *supra;* y del Artículo 404(a) de la Ley de Sustancias Controladas, *supra.*

De igual modo, mediante la *Resolución* recurrida, el TPI denegó la petición del Sr. Román Álamo para modificar la antedicha sentencia, a tenor con la Ley Núm. 103-1955, *supra.*

Luego de evaluar sosegadamente lo planteado por el Sr. Román Álamo, al igual que el expediente del pleito de marras, no se desprende falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos

---

[10] *Íd.,* Anejo 14. (Énfasis suplido).

sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*.

**IV.**

Por las razones discutidas anteriormente, resolvemos denegar la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones